GEORGE JOHNSON ET AL. v. THE STATE.

No. 1972. Decided June 6, 1900.

**1. No Statement of Facts—Practice on Appeal.**

Where there is no statement of the facts in a record, the court on appeal can not consider matters pertaining to the admission of evidence.

**2. Theft—Indictment—Description of Property.**

The alleged stolen property is sufficiently described in the indictment as "one watch of the value of $55; one pair of shoes-of the value of $1, and one razor of the value of $2."

**3. Joint Verdict—Sufficiency.**

A joint verdict against several defendants is sufficient which reads: "We the jury find the defendants, G. J., H. J., and Charlie R., guilty as charged in the indictment and fix their punishment at confinement in the State penitentiary at hard labor for five years." Following Mootry v. State, 35 Texas Criminal Reports, 457.

**4. Erroneous Charge—Practice on Appeal—Constitutional Law.**

Article 723, Code of Criminal Procedure, which requires that before an erroneous charge is the subject of review on appeal, objection to it must have been saved by bill of exceptions or have been availed of in the motion for a new trial, is a reasonable regulation of the procedure, which does not deny to defendant any right to which he is entitled under the Constitution and laws. It is not obnoxious to the objections that it does away with the right of trial by jury and is violative of the constitutional right of a trial by due course of the law, and that it transgresses the high powers of the Court of Criminal Appeals by denying to an appellant some right vested by the Constitution in the appellate court.

**5. Same—Charge on Weight of Evidence—Fundamental Error.**

The fact that a charge of court is upon the weight of evidence and fundamentally erroneous will not constitute a ground for revision or reversal on appeal if objection to the same was not saved by bill of exceptions or made a ground in the motion for new trial in the trial court, as required by article 723, Code of Criminal Procedure. Brooks, Judge, concurs in the conclusion reached in the case. Davidson, Presiding Judge, dissents.

APPEAL from the District Court of Wilbarger. Tried below before Hon. G. A. BROWN.

Appeal from a conviction of theft; penalty, five years imprisonment of each defendant in the penitentiary.

The indictment charged George Johnson, Horace Jones, and Charlie Ross jointly with the theft, and they were tried jointly, the verdict rendered being the same as copied in the third paragraph of the syllabus above.

This is a companion case to Johnson v. State, ante, p. 87, and grows out of the same transaction.

There is no statement of the facts, and no bill of exceptions in the record.

*Weeks & Fleager,* for appellants.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellants George Johnson, Horace Jones, and Charlie Ross were convicted of theft of personal property over the value of $50, and the punishment of each assessed at confinement in the penitentiary for a term of five years, and prosecute this appeal.

There is no statement of facts in the record, nor is there any bill of exceptions to the admission or rejection of evidence; consequently we can not consider these matters.

Appellants insist that the indictment is defective on the ground that there is no sufficient description of the property alleged to have been stolen. The allegations in the indictment in this respect are as follows: "One watch, of the value of $55; one pair of shoes, of the value of $1; and one razor, of the value of $2." It being insisted that this description of the property is not in compliance with our statute on the subject, counsel refers us to article 446, Code of Criminal Procedure. As to the watch, it is insisted that the pleader should have

stated the kind of watch, whether gold or silver; and in this connection we are referred to Wade v. State, 35 Texas Criminal Reports, 170. That case has no application. That was a case where the pleader attempted to state Mexican money in the indictment as money, under article 456, which we held applied alone to money of the United States, and not to foreign coins, and we held in said case that foreign coins were to be treated as property, and described as such. In this case the watch, shoes, and razor were all property, and, under all the authorities so far as we know, they were properly described. Dignowitty v. State, 17 Texas, 521; Green v. State, 28 Texas Crim. App., 493; Lockhart v. State, 32 Texas Crim. Rep., 149; and see 2 Bish. Crim. Proc., secs. 700, 702.

The verdict is sufficient. See Davidson v. State (Texas Crim. App.), 50 S. W. Rep., 365; Mootry v. State, 35 Texas Crim. Rep., 457; Polk v. State, 35 Texas Crim. Rep., 495.

Appellants insist that the charge of the court on appellants' explanation of recently stolen property is on the weight of evidence. There is no exception to said charge, either by separate bill or in motion for new trial. It is, however, urged that the charge, being on the weight of evidence, was calculated to injure appellants' rights, and as a consequence was fundamental error, and that the case should be accordingly reversed, regardless of whether the same was excepted to or not. Since the passage of the Act of the Twenty-fifth Legislature in 1897, amending article 723, Code of Criminal Procedure, this question has been frequently decided against the contention of appellants. Bailey v. State (Texas Crim. App.), 45 S. W. Rep., 708; English v. State, Id., 713; Stewart v. State (Texas Crim. App.), 50 S. W. Rep., 459; Ford v. State, 41 Texas Crim. Rep., 1; Pena v. State, 38 Texas Crim. Rep., 333; Garza v. State, 38 Texas Crim. Rep., 317; Darter v. State, 39 Texas Crim. Rep., 41.

Inasmuch, however, as appellant strenuously insists that the construction of said article was not properly considered in said cases, I will briefly state my views as to the construction of said amended article 723. It will be observed that said article (which was article 685), as it stood before the amendment, simply provided that, in case of the disregard of the eight preceding articles by the judge in his charge, if the error was excepted to at the time the judgment should be reversed. This was an affirmative statute, and was construed by the courts as mandatory, requiring the reversal if the error was excepted to at the time, whether material or not. It was further held, and very properly, that this was not a limitation on the power of the court; and accordingly a rule of procedure was adopted to the effect that, if the court committed an error in the charge against appellant which was fundamental,—that is, calculated to injure his rights,—the case would be reversed if called to the attention of the court for the first time in motion for new trial in the court below or presented in the appellate court. See Bishop v. State, 43 Texas, 390, and sec. 845, White's Ann.

Code Crim. Proc. Now, an inspection of article 723, as amended, shows that the Legislature intended to limit the power of the Court of Criminal Appeals by regulating the proceeding in regard to exceptions to the charge, as it provides, in effect, that the Court of Criminal Appeals shall not reverse the judgment of the court below on account of a disregard by the judge in his charge of the eight preceding articles, unless an exception was taken to the same at the time the charge was given or on motion for new trial, and, further, that such error was calculated to injure the rights of the defendant. The language of this amendment is clear and unequivocal, and construes itself. If, however, it was a matter of judicial interpretation, evidently the Legislature intended to cut· off the evil of frequent reversals when no exception had been taken to the action of the lower court. The Legislature did not undertake to deny appellant any right to which he was entitled under the law, but merely to regulate that right by enacting a reasonable course of procedure, requiring a defendant to try his case according to certain rules of law in the lower court, and, if he was aggrieved, to take his bill of exceptions, in order that the court below might be afforded an opportunity to cure the wrong, and thus prevent delay in the trial and disposition of cases. ·Under all the authorities, it was competent for the Legislature.to do this. March v. State, 44 Texas, 64; 1 Bish. Crim. Proc., sec. 115; Cooley, Const. Lim., 327.

But it is said that this amendment violates some provisions of our Bill of Rights. If this be true, then evidently the action of the Legislature is without authority; but it lies with those who claim that it is violative of our Constitution to point out the provisions which it transgresses. Sections 10, 15, and 19, of article 1 (which is the Bill of Rights) are referred to as standing in the way of this amendment. These refer to the right of trial by jury, and I fail to see how anything in this amendment is a denial of the right to a trial by an impartial jury, or in what respect it is a disregard of the due course of the law of the land. If the law could be construed into an authorization on the part of the judge to usurp the functions of the jury, then there might be some ground for the appellants' contention that the right of trial by jury was denied him. But to my mind the denial of a right is one thing, and the regulation by rules of procedure, which guarantee the right, is quite a different thing. If the proposition here announced by appellants is correct, then the Legislature would be impotent to pass any laws regulating the procedure in courts, because such laws might be construed to mean an infringement of the right of trial by jury. But, as I understand it, such laws have always been upheld by the courts. So, we have acts regulating the taking of exceptions to the admission and rejection of evidence; regulating taking exceptions to the overruling of motions for continuance; to the refusal of the court to change the venue; pleas of former jeopardy; motions for new trial,— requiring all these to be presented in due order and in timely man-

ner,—and it has never yet been seriously contended the Legislature did not have this authority.

But it is said to give this act validity would in some manner transgress the high powers of the Court of Criminal Appeals, by denying some right to appellant vested by the Constitution in the appellate court. As far as I am advised, there is no provision in the Constitution guaranteeing a defendant who may be convicted in an inferior court the right of appeal, and if there is none, this right must be left with the legislative department of the government. Ex Parte McCardle, 7 Wall., 506; 19 L. Ed., 264. Section 5 of article 5, of the Constitution provides: "The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State, in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law." From this it would seem the Legislature might, in the exercise of its power make such exceptions as they should deem proper as to appeals. And moreover, the Legislature is expressly authorized to enact such regulations in regard to the appellate jurisdiction of this court as they may deem fit; and so long as in the enactment of laws regulating procedure in the courts they do not deny to defendants any constitutional right, but merely regulate that right in a reasonable manner, by rules of procedure adopted to prevent confusion and delay, and to secure a fair and impartial trial, just so long will their enactments withstand the test of judicial criticism and defy annulments by the courts. It does not occur to me that the amendment to article 723, Code of Criminal Procedure, as amended by the Twenty-fifth Legislature, is in any sense violative of our Constitution, or of any fundamental right of appellants, but that the same is merely the adoption of a rule of procedure requiring a defendant to avail himself of his rights in due order; and if he fails to do this in the lower court, where he has been afforded full opportunity to assert his rights, then he will not be heard to complain in this court. There being no errors in the record, the judgment is affirmed.

*Affirmed.*

BROOKS, JUDGE.—I concur in the conclusion reached. But I do not concur in so far as the opinion herein asserts the proposition that the Legislature can deprive defendant of the right of appeal to this court altogether, and that there is no constitutional inhibition. I do not think the Legislature, by sheer force of the fact that it has power to provide adequate remedy for the assertion of legal rights, can go further, and deprive defendant of all right of appeal to this court, thereby destroying this court. I therefore do not agree to any proposition in this opinion asserting this as a fact.

DAVIDSON, PRESIDING JUDGE.—For reasons for dissenting in this case, I refer to my views expressed in Johnson v. State, *ante,* p. 87. I also dissent further from Judge Henderson's statement that there is

nothing in the Constitution which guarantees the "right of appeal" to persons convicted "in inferior courts." Art. 5, secs. 5, 7, 18, 19. That ·the Legislature may regulate such appeals so as to carry out fairly the right of appeal does not authorize that body to prohibit this right. The fact that it can·be regulated necessarily recognizes the right of appeal. If there is no such right, this court is unnecessary. It is.the basic reason for the creation of the Court of Criminal Appeals as the ultimate appellate bench. So the county court is the appellate court for its inferior courts.

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]