## FRED TRUESDALE V. THE STATE.

### No. 10785.　Delivered May 11, 1927.

### Rehearing denied June 8, 1927.

**1.—Soliciting Female for Immoral Conduct With Man—Information—Held Sufficient.**

An information drawn under Art. 525 P. C., which follows the wording of the statute, and charges appellant with "inviting, soliciting, procuring and alluring a female, etc., is sufficient," and under such allegation if the state proved either one of the methods alleged, it would be sufficient. Following Warner v. State, 66 Tex. Crim. Rep. 356, and Ray v. State, 71 Tex. Crim. Rep. 268. Distinguishing Hammonds v. State, 272 S. W. 791.

**2.—Same—Evidence—General Reputation—Admissible.**

Where, on a trial for soliciting, etc., a female for immoral conduct with a man, there was no error in permitting the state to prove that the female involved bore the reputation of being an immoral person.

**3.—Same—Evidence—Corroboration of Accomplice—Held Sufficient.**

Where the testimony disclosed that an officer, in his effort to detect a crime had by his conduct made himself an accomplice, the case not having been tried before a jury, and no charge on accomplice testimony being required, there was sufficient corroboration of said officer to warrant the conviction of appellant by the trial judge.

**4.—Same—Evidence—Competency of Witness.**

The complaint of appellant that the officer in this case was a party to the offense, and was not, therefore, a competent witness, cannot be sustained. Even if he had been legally charged with the offense, that would not have made him an incompetent witness for the state.

Appeal from the County Court of Bexar County for Criminal Cases. Tried below before the Hon. George C. Clifton, Judge.

Appeal from a conviction for soliciting, etc., a female for immoral conduct with a man, penalty a fine of $50 and thirty days in jail.

The opinion states the case.

*Oliver W. Johnson* of San Antonio, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of soliciting and procuring a female for immoral conduct with a man, and his punishment assessed at a fine of $50 and thirty days in jail.

The appellant was charged by information with violating Art. 525, P. C., in that he "did unlawfully invite, solicit, procure and allure a female, to-wit, Mabel Burns, to visit and be at the Yale Hotel in San Antonio, Bexar County, Texas, for the purpose of meeting and having unlawful sexual intercourse with a male person, to-wit, George Van Vleck, alias George Lee," etc. The prosecuting witness, Van Vleck, was an officer in the city of San Antonio, who, under the direction of his superior officers, was sent to the Yale Hotel to investigate and observe if there were any violations of the law being carried on at said place. Dressing in plain clothes, the officer registered at said hotel under the name of George Lee, and while appellant, who was a porter at the hotel, was directing him to his room, appellant offered to get the officer a woman if he wanted one. The prosecuting witness, after conferring with other officers, marked

five $1.00 bills, and thereafter the appellant returned to the room occupied by said Van Vleck and brought with him one Mabel Burns, stating to the officer, "Here's your chicken now." Van Vleck gave appellant one of the marked bills for his services and gave the woman the other four marked bills. Two policemen, Vogler and Littlepage, entered the room a few minutes later, arrested appellant and the woman, who was partly undressed, and found the marked bills in their possession. The woman, upon being carried to the police station, entered a plea of guilty and was fined $10.00.

The appellant defended upon the ground that the woman, of her own volition and without his consent, entered the hotel and went to the room occupied by the prosecuting witness, that he had nothing whatever to do with her going there, and that the marked money found in his possession had been paid to him by the said Van Vleck, alias Lee, for the rent of the room. The police officer Vogler testified that when he and Littlepage asked appellant where George Lee was, he denied that there was such a man at the hotel and denied that there was a woman in the room with him. These were the principal facts introduced in evidence upon the trial.

The appellant, after the evidence was closed, moved the court for an acquittal, alleging that the officer Van Vleck, alias Lee, was a principal to the alleged offense and that the state had failed to corroborate his testimony, and that the state had failed to prove by competent evidence the purpose for which said female was allured to the room of said Lee, and in what manner she was allured thereto. The court overruled the motion and appellant excepted to said action, as shown by appellant's bill of exception No. 2. We are of the opinion that the court committed no error in overruling this motion, and think that if the appellant sought to attack the sufficiency of the information, which was not void on its face, he should have presented a timely motion to quash before announcing ready and before the evidence was introduced. Melley v. State, 248 S. W. 367.

The appellant, in his brief, cites us to the case of Hammonds v. State, 272 S. W. 791, which involved a prosecution under the statute making pandering a felony and in which the indictment charged appellant with "unlawfully procuring" a female, etc. The court held in that case that the motion to quash should have been sustained, for the reason that the indictment failed to allege in what manner the appellant procured said female. However, that case is not at all analogous to the instant case, in that the appellant is here charged with inviting, soliciting,

procuring and alluring a female, thus following the wording of the statute strictly, and the offense charged being a misdemeanor, then under such allegations if the state proved either one of the methods alleged, it would be sufficient. Warner v. State, 66 Tex. Crim. Rep. 356, 147 S. W. 265; Ray v. State, 71 Tex. Crim. Rep. 268, 158 S. W. 807. It certainly cannot be contended that "inviting" and "soliciting" are such terms as require additional allegations to apprise the appellant of the nature of the method alleged to have been resorted to by him in obtaining the female. These are terms used in ordinary parlance and require no additional explanation or details in the way of allegations to charge the offense. Webster defines "invite" as meaning "to request with real or seeming graciousness, to do or forbear some act, to give invitation," and defines "solicit" as meaning "To ask earnestly, to endeavor to obtain by asking," etc. The words "procure" and "allure" in this information can be eliminated as surplusage, and still the information would be good.

In bill of exception No. 1 complaint is made to the action of the court in permitting the state's witness Vogler to testify that he was acquainted with the general reputation of Mabel Burns on January 25, 1926, and that she bore the reputation of being an immoral person. Appellant objected to this testimony on the ground that it amounted to a conclusion on the part of the witness. Under the facts of this case, this bill, as presented, shows no error. Testimony as to the reputation of another is always largely based upon the opinion and conclusion of the witness.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., not sitting.

### ON MOTION FOR REHEARING.

BAKER, JUDGE.—The appellant, in his motion for rehearing, insists that we were in error in holding that the trial court did not err in refusing to grant his motion for an instructed verdict, which was presented after the state had rested and which alleged that the evidence was insufficient to warrant the conviction, that the prosecuting officer Van Vleck was a co-principal, if any offense was committed, and his testimony was not corroborated,

and that no competent evidence was introduced by the state showing how the female was allured to the room occupied by the prosecuting officer. If we understand appellant's contentions, as set out in his motion for rehearing, they are to the effect that the prosecuting officer Van Vleck was incompetent to testify in the case because his alleged acts in encouraging the appellant to bring the woman to his room constituted him a principal, and, furthermore, that the state's evidence was insufficient to authorize the conviction in this case. We are not in accord with either of these contentions. The record discloses that a jury was waived and that matters of fact, as well as those of law, were left to the court. The record further shows that the officer Van Vleck registered at the Yale Hotel as "George Lee," and had a room assigned to him, which was pointed out to him by the appellant. This officer testified that appellant, of his own volition, offered to furnish a woman to the witness and afterwards brought to his room a woman by the name of Mabel Burns; and that he had no intention of having sexual intercourse with the woman, but gave to appellant a marked $1.00 bill for his services in bringing the woman to the room and gave to the woman four marked $1.00 bills. A few minutes thereafter, two other policemen made inquiry of appellant as to the location of the room occupied by "George Lee," but appellant denied any knowledge of such a person being in the hotel, or of a woman being in the room with him. The officers, after obtaining the number of the room from the register, entered it, found the woman, Mabel Burns, partially undressed, arrested her and the appellant, and found the marked money in their possession. The record further discloses that Mabel Burns was of a questionable character, and that she entered a plea of guilty in corporation court next morning and was fined $10.00, all of which testimony was admitted without objection upon the part of appellant. Regardless of whether or not the prosecuting officer Van Vleck was an accomplice witness, we think that under the facts of this case the other evidence was sufficient to corroborate his testimony and that the trial court was authorized to find the appellant guilty as charged. Had this been a jury trial, the issue of whether or not this witness was an accomplice should have been submitted to the jury for their determination upon proper request from the appellant, same being an issue of fact.

The contention made by appellant in his motion for rehearing to the effect that since the prosecuting officer participated in the alleged transaction he was an incompetent witness, is clearly

untenable. The record fails to show that this officer was charged with this offense, and even if he had been legally charged with this offense, that would not have rendered him an incompetent witness for the state.

After a careful examination of the motion for rehearing, and after reviewing the record, we are forced to the conclusion that our original decision was correct.

The motion for rehearing is therefore overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.