ANNICE BELAND V. STATE

No. 27,052. October 6, 1954

*Truman Power* and *Jack Love,* Fort Worth, for appellant.

*Howard M. Fender,* Criminal District Attorney, *Randell C. Riley* and *Conard Florence,* Assistants Criminal District Attorney, Fort Worth, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the offense of felony theft, and her punishment was assessed at two years in the penitentiary.

Reginald C. Phillips, an employee of the Wood Photo Company, testified that he saw appellant pick up a camera, place it under her skirt and leave the building occupied by said photo company. He identified appellant at the trial as being the person who took the camera.

Will S. Wood, Jr., testified that after Phillips notified him of the loss of the camera and pointed out appellant as she left the building as the person who took it, he pursued appellant until she boarded a bus. He identified appellant at the trial as the person he saw leaving his place of business after the loss of the camera.

Appellant did not testify and offered no evidence in her behalf.

The evidence is sufficient to sustain the conviction.

Appellant contends that the indictment charging her with taking "one camera" does not describe with sufficient certainty the type or kind of property alleged to have been taken, therefore it does not apprise her of the nature of the accusation against her.

We are of the opinion that the allegation as to the description of the property designated an object which is commonly known by that name and was sufficiently definite to apprise appellant of the nature of the charge against her. Art. 403, C.C.P.; Smith v. State, 131 Texas Cr. R. 322, 98 S.W. 2d 806; Young v. State, 139 Texas Cr. R. 509, 141 S.W. 2d 315.

By Informal Bill of Exception No. 1, appellant complains of the state asking its witness Montgomery "Are you acquainted with the general reputation of this defendant in the community

in which she resides for being a law abiding, peaceable person?" which question was not answered. The court sustained appellant's objection thereto and instructed the jury not to consider it for any purpose. Upon objection to the asking of the question, the court sustained same and again instructed the jury not to consider any reference to the question for any purpose.

Appellant did not testify and offered no evidence in her behalf. No issue being made in the testimony, the complained-of question not being answered and the court promptly instructing the jury not to consider same and the lowest penalty being assessed, we feel that under the record in this case an order of reversal is not authorized. Long v. State, 119 Texas Cr. R. 270, 43 S.W. 2d 932.

The judgment is affirmed.

Opinion approved by the court.