pellant to "have it cashiered" and to deliver the cashier's check to Moses and pick up the stock and return it that day; that he saw appellant two days later and appellant said: "That he had gone over to Fort Worth and left the check with Moses, but Moses was not there and that he had left a special delivery letter addressable to Mays for Moses to return the check in. Excuse me, not the check, the stock in".

Mr. Carlton further testified that he had not received the 2,000 shares of Ling Industry stock and appellant had not returned the $3,165.80.

The facts are sufficient to sustain a finding that appellant acting together with Jack Harris fraudulently embezzled and converted to his own use the proceeds of the Delta Discount Corporation check and the cashier's check, which checks came into his possession to be applied to the payment of notes secured by Ling Industries stock.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.

James J. Shown, W. E. Martin, Houston, for appellant.

Dan Walton, Dist. Atty., Thomas D. White, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

**Lawrence Herbert HENDLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 29820.**

Court of Criminal Appeals of Texas.

May 21, 1958.

WOODLEY, Judge.

Appellant was tried before the court on a plea of not guilty and was assessed a fine of $100.

The complaint and information alleged the theft of "one tire of the value of ten dollars" and "one wheel of the value of ten dollars."

We overrule the contention that the information should have been quashed be-

cause the description of the property alleged to have been stolen was inadequate.

The evidence was to the effect that appellant took a spare tire from a pickup truck.

 The trial court found appellant guilty and assessed a punishment applicable to the offense of theft of property of a value less than $5.

The judgment is reformed to so show, and, as reformed, is affirmed.

**Audrey Renea BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 29702.**

Court of Criminal Appeals of Texas.

April 23, 1958.

John Cutler, Houston, for appellant.

Dan Walton, Dist. Atty., Thomas D. White and E. D. Michalek, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is possession of policy paraphernalia; the punishment, a fine of $100. Trial was before the court without the intervention of a jury.

Our disposition of this case precludes the necessity of stating the facts other than to observe that the officers testified that they searched the appellant's home under the authority of a search warrant. At the time they testified as to the fruits of the search, the appellant objected on the grounds that the search and the arrest of the appellant were illegal. We have searched this record in vain and have been unable to find where the search warrant was ever produced or exhibited to the trial court for his inspection.

In Blackburn v. State, 145 Tex.Cr.R. 384, 168 S.W.2d 662, 663, this Court, speaking through Judge Hawkins, said:

"When objection was interposed to evidence of the officers, mere proof that the officers had a search warrant is no evidence that such warrant was regular on its face, and contained recitals showing compliance with legal requirements. Henderson v. State, 108 Tex.Cr.R. 167, 1 S.W.2d 300, and authorities cited; Humphreys v. State, 116 Tex.Cr.R. 304, 31 S.W.2d 631.