RICHARD JOHNSON V. STATE.

No. 30,625. April 22, 1959.
Motion for Rehearing Overruled June 3, 1959.

DAVIDSON, Judge, dissented.

*Zachy & Jones*, by *W. M. Zachry*, Waco, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for felony theft; the punishment, two years.

Appellant contends that the indictment charging him with

taking 'one (1) cattle guard" does not describe with sufficient certainty the kind or quality of property alleged to have been taken, and therefore it does not apprise him of the nature of the accusation against him.

Cattle guards are commonly known and have been the subject of the statutory law of Texas in connection with fences, roads, highways, and right-of-way fences and crossings of railroads, together with the decisions of its courts since early in its history. Arts. 6400 and 6704, Vernon's Ann. Rev. Civ. St.; 19 Texas Jur. 613, Sec. 15; 35 Texas Jur. 180, Sec. 118.

The description of the property alleged to have been stolen as "one (1) cattle guard" was sufficiently definite to apprise appellant of the nature of the charge against him. Beland v. State, 160 Texas Cr. Rep. 351, 271 S.W. 2d 430.

About February 5, 1957, Trent Phillips and Johnny Ward discovered that a "home made" cattle guard which they owned jointly, located on Ward's property, was missing; and shortly thereafter they found it in a junk yard in east Waco; and they testified that they gave no one their consent to take it.

The testimony shows that there were no cattle guards for sale in the area where this one was taken and no sales had there been made, and following such testimony it was shown that the replacement value of the cattle guard in question was eighty dollars.

Appellant, in his written statement introduced in evidence, states that on or about February 4 or 5, 1957, he and Curly Landrum went to Johnny Ward's place where they saw a cattle guard which they placed in his trunk, without the owner's consent, and later sold it in east Waco.

Appellant did not testify or offer any testimony in his behalf.

The severance of the cattle guard from the realty converted it into personal property and it thereby became the subject of theft. 41-A Texas Jur. 74, Sec. 57; Branch's Ann. P.C. 2d 66, 2616; Ex parte Wilke, 34 Texas 155; Harberger v. State, 4 Texas App. 26, 30 Am. Rep. 157; Alvia v. State, 42 Texas Cr. Rep. 424, 60 S.W. 551; Faris v. State, 69 S.W. 140; Fleischman v. State, 89 Texas Cr. Rep. 259, 231 S.W. 397; Floyd v. State, 164 Texas Cr. Rep. 50, 296 S.W. 2d 523.

The testimony of the state sufficiently shows that the appellant fraudulently took one cattle guard of the value of more than. $50 from the owners thereof, without their consent, and with the intent to deprive them of its value and to appropriate it to his own use.

The judgment is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, (dissenting).

I contend that there are at least four reasons why the conviction should not be affirmed. Here they are:

When the cattle guard was severed from the realty and was taken from and out of the fence, it ceased to be a cattle guard and became only so much material, or personal property, which had gone into the construction of the cattle guard.

It is the theft of this material for which appellant has been convicted under an indictment charging theft of a cattle guard.

One can not be guilty of the theft of a cattle guard. One can no more be guilty of the theft of a cattle guard than he can be of a fence, for, in the eyes of the law, they are one and the same thing, each being attached to and a fixture to real estate and which when severed from the realty no longer is a cattle guard or a fence.

One could hardly call a string of barbed wire and fence posts lying upon the ground, in no manner attached to or forming any part of the realty, a fence. Neither could it be said that a cattle guard which had been removed and dismantled from the realty and forming no part of a fence was still a cattle guard.

"* * * anything that incloses land, whereby any character or kind of stock would be impeded or prevented from entering said inclosure, would be designated and called a fence." Burch v. State, 67 S.W. 500; Words and Phrases, page 475.

" 'A fence is a part of the realty.' " 16 Words and Phrases, Fence, page 474.

The term "fence" includes cattle guards and gates. 16 Words and Phrases, page 473.

See, also, Mutual Lumber Co. v. Sheppard, 173 S.W. 2d 494.

There is nothing technical about the definition of a cattle guard. As generally known and understood, it is a fence or that part of a fence so constructed as to permit the passage of pedestrians and vehicles from one enclosure to another and which, at the same time, prevents such passage or escape or crossing by cattle or livestock, generally.

The legislature recognized that a fence could not be subject to theft, and in order to prohibit the destruction of a fence of another it enacted two statutes:

By Art. 1352, P.C., it is made unlawful to break, pull down, or injure a fence or leave open any gate belonging to another without his consent.

Under the state's evidence this appellant, if guilty of any offense, was guilty of violating that statute, because when he removed the cattle guard he not only pulled down and destroyed the fence but also left open a gate in the fence.

In addition, the legislature enacted Art. 1353, P.C., which makes a felony the wilful injury or destruction of a fence or a part of a fence with intent to injure the owner.

It is apparent, therefore, that the indictment charging theft of a cattle guard charged, in fact, no offense.

If the state desired to prosecute for the destruction of or injury to a fence by removing a cattle guard, the prosecution should have been under either of the above statutes, as the facts indicated.

Another, and perhaps more conclusive reason why this conviction should not be affirmed is that the facts are wholly insufficient to support the conviction.

No one ever saw appellant in possession of the cattle guard or in the vicinity of the place where it was taken.

Soon after the theft, the cattle guard was found in the possession of Ruble, who operated a junk yard in Waco.

Ruble did not testify as a witness in the case. There is no showing as to why he did not testify or explain his possession

of the stolen cattle guard. He is shown to have been in the unexplained possession of recently stolen property.

By a line of authorities too long to cite, this court has held that such possession is a circumstance of guilt upon which a conviction for theft might be predicated.

The state attempts to connect appellant with the theft of the cattle guard only by his written confession, which reads as follows:

"* * * And I wish to further say: that on or about the 4th or 5th day of February, 1957, Curly Landrum and I were over by Mr. Johnny Ward's place, south of Chilton, Texas, in Falls County. We saw a cattle guard on his place and we got out and put it in my panel truck. Curly and I took the cattle guard to Waco and sold it to a Mr. Ruben in east Waco for $7.00. I give Curley part of the money * * *."

This court has so often said that the uncorroborated confession of the accused will not authorize his conviction that I will forego the citation of authorities. Suffice it to say that appellant's confession, alone, did not warrant his conviction.

But the deficiency of the state's case did not stop with what I have just said.

The cattle guard was found in the possession of "Ruble," at his junk yard, but in the confession appellant said he sold the cattle guard to "a Mr. Ruben." It was not shown that "Ruben" operated a junk yard or what his business was. In any event, "Ruble" and "Ruben" are names of two separate individuals.

There is nothing to show—not even the confession—that appellant was connected at any time with or was ever in possession of the cattle guard found at Ruble's junk yard.

Finally, attention is called to the fact that since this is a theft case the value of the property stolen determines the punishment.

Here, the state by introducing appellant's confession proved the value of the cattle guard he had in his possession and which he sold to Ruben to be $7, which was the price obtained through a sale thereof on the open market.

When the state made proof of that value by introducing appellant's confession, it became bound by that value and was under the burden of disproving it. This the state wholly failed to do.

In fact, all the other testimony in the record touching the value of the cattle guard related to and was based upon its value when in place and attached to the real estate.

Theft of property of the value of $7 is a misdemeanor and will not authorize a punishment of two years in the penitentiary, as here assessed.

The state has wholly failed to prove the guilt of this appellant. When he goes to the penitentiary and serves the two years imposed, he will do so without having been tried and convicted in accordance with law.

I respectfully dissent.