JOE H. BOND V. STATE

No. 32,996.   March 8, 1961
Motion for Rehearing Overruled May 3, 1961

120

*Neil Brans, David McCord,* and *Robert B. Billings,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Robert E. Lyle, Jerome V. Chamberlain, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is theft by false pretext; the punishment, two years.

This prosecution grew out of an interim financing arrangement between appellant, a Dallas general contractor, and the Groves Lumber Company of Dallas, who agreed to furnish the money so that appellant might construct a large apartment house in the city of Lubbock.

The focal point in the case is State's Exhibit No. 2, a payroll or draw sheet which reads as follows:

"Dallas, Texas, 2-27-59

"We, the undersigned, hereby certify that we have received the amounts set opposite our respective names, same being payment in full to date for all labor performed or material furnished on the Joe H. Bond job at Lubbock, Tex.

| Name | Mon | Tue | Wed | Thu | Fri | Sat | Total | Rate |
|------|-----|-----|-----|-----|-----|-----|-------|------|
| | | | | | | | Amount | Signature |
| J. E. White Trucking Co. | Freight | | | | | | 450.00 | 3091 |
| Ken Thompson | Travel Exp. | | | | | | 100.00 | 3096 |
| Armstrong & Co. | Air Cond. & Htg. | | | | | | 3480.00 | 3092 |
| Mayfair | Windows | | | | | | 2350.00 | 3093 |
| Boyle Brick Co. | Brick | | | | | | 2200.00 | 3089 |
| Ater Whitwell | Lumber | | | | | | 941.00 | 3101 |
| A & B Elect. | Elec. Cont. | | | | | | 3000.00 | 3102 |
| Allied Steel | Steel | | | | | | 326.57 | 3103 |
| Lubbock Conc. | Conc. | | | | | | 657.50 | 3094 |
| Carp Labor | Carp & Misc. | | | | | | 3861.22 | ——— |

"Received from GROVES LUMBER CO. 17,266.29 Dollars, in payment of above pay roll, or material furnished on above job, which I certify to be correct.

"(Sgd.) Joe H. Bond

"(Stamp—

"Feb. 28, 1959

"PAID

"GROVES LUMBER CO., INC.

"By No. 12285)"

The state's case is made to depend upon this being a representation that item No. 3 had been paid at the time appellant presented the sheet to Groves and that such representation was false. The record is in three volumes, but we shall set forth the facts pertinent to this basic issue.

Charles Paschall, Vice President of Groves, testified that prior to commencing the Lubbock job appellant made arrangements with his company to furnish the interim financing, as-

signed to them a mechanic's lien in the sum of $150,000.00, executed by the owner of the land in Lubbock and payable to appellant upon his completion of a 24-unit apartment house, with the understanding that as appellant expended money on the project he should secure reimbursements from Groves by submitting draw sheets in the form set forth above. He stated that in the column on the right under the word "signature" appellant was to insert the number of his check which he had used to pay each item therein listed. He stated that on the day in question appellant presented the above exhibit, represented that he had paid the items listed and advanced the sums shown to the named parties, and that he in turn caused a check in the sum of $17,266.29 to be drawn on Groves' account in the Republic National Bank payable to appellant and passed it on to Groves, who was vice-president and assistant secretary and who had authority to draw on company funds, who in turn executed the check. The check was issued, and appellant acknowledged receipt thereof.

Armstrong testified that on April 14, 1959, some six weeks after the state's exhibit was given to Paschall, he, not having received any money from appellant on the Lubbock job, came to Dallas and demanded of appellant the $14,000.00 that was then due him; that appellant said he was short of money and gave him a $5,000.00 check which was not honored when presented at the bank; and that he never received the sum of $3480.00 or any other sum from appellant.

It was appellant's theory that this exhibit does not constitute a representation that the funds shown had been paid, and he testified that Paschall told him to insert the number of the check which he intended to use in paying the account, or any number, just so Paschall could use the draw sheet to borrow money from the Republic Bank. He further testified that Guy LaRue, doing business as the Falcon Construction Company, sub-contracted the entire Lubbock job from him and furnished him with the information which he placed on the draw sheet. He introduced in evidence checks in the sum of $78,000.00 which he had paid LaRue and Falcon. The state, on the other hand, showed that Groves advanced $106,000.00 to appellant and that appellant was indebted to LaRue and Falcon on other jobs which were being constructed at the same time as the one in Lubbock. Appellant's explanation as to the discrepancy in the sums shown above was that he had paid the same direct to the suppliers, that his checks covering such payments were in the hands of a referee in bankruptcy, but he was unable to name one of such suppliers.

From the record, the jury was authorized to conclude that the draw sheet set forth above constituted a representation that the sum of $3,480.00 *had been paid* by appellant to Armstrong & Company and that such representation was false. We further conclude that the transaction set forth above was more than the creation of a civil debtor-creditor relationship and constituted the crime of theft by false pretext. See Rundell v. State, 235 S.W. 908, 912.

We shall discuss the contentions advanced in the order presented in the brief and in argument. The court in his charge instructed the jury to acquit if they found that the transaction in question created a debtor-creditor relationship unless they further found that the check in question would not have been delivered to appellant except for appellant's representation that the items listed in the draw sheet had theretofore been actually paid by him.

Appellant contends that the court erred in failing to further charge to acquit (1) if they found that this was a joint "adventure" between Groves and appellant, or (2) if they found that Groves loaned money to appellant, or (3) if they found that appellant employed LaRue doing business as Falcon Construction Company as an independent contractor to do the job and had paid over to him all monies which he received from Groves. The charge as given covered the first two complaints, and we have concluded that the evidence does not raise the third issue. Appellant admitted that he was the general contractor on the Lubbock job and was responsible for the payment of all bills and admitted that when he executed State's Exhibit No. 2 he knew that the sum of $3,480.00 had not been paid to Armstrong & Company.

Appellant next contends that the court erred in overruling his motion to quash the indictment. Such motion was not presented to the court until three days after the trial had commenced and, under the authority of Rowlett v. State, 23 Tex. App. 191, 4 S.W. 582; Truesdale v. State, 107 Tex. Cr. Rep. 105, 296 S.W. 320; and Crow v. State, 147 Tex. Cr. Rep. 292, 180 S.W. 2d 354, may not be considered. We find, however, no merit in appellant's contention that the same is deficient in that, in addition to alleging "$3480.00 in current money of the United States," it should have further alleged that such sum was "over the value of $50.00." See Edwards v. State, 162 Tex. Cr. Rep. 390, 286 S.W. 2d 157.

By motion for instructed verdict, appellant alleged a variance because the indictment charged the theft of $3,480.00 while the proof showed that such sum was part of a check in the total sum of $17,266.29. No authority has been cited supporting such contention, and we know of none. The proof clearly shows that the J. D. Groves named in the indictment as the injured party was an officer of the Groves Lumber Company and had authority to sign checks on their account. Ownership was properly charged in him. Kitchen v. State, 124 Tex. Cr. Rep. 358, 62 S.W. 2d 144.

The indictment alleged "on or about February 27, 1959", whereas the proof showed that it occurred on February 28, 1959. The indictment was returned December 28, 1958. There is no variance. Fannin v. State, 163 Tex. Cr. Rep. 569, 294 S.W. 2d 848, and cases there cited.

We perceive no error in the admission of Armstrong's testimony that he sent appellant's check through the bank several times and that each time it was returned not paid. We can perceive of no injury to appellant from the court's ruling in which he sustained the objection as to who had authority to waive the requirement that the payee's signature be placed in the right hand column of State's Exhibit No. 2.

The careful trial court sustained appellant's objections to the other questions about which complaint is made, instructed the jury not to consider the same, and we find no error calling for a reversal.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.