ISMAN GUIDRY v. STATE

No. 34,568.   May 30, 1962

*Lawrence Arnim,* Houston, for appellant.

*Frank Briscoe,* District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for misdemeanor theft; the punishment, sixty days in jail.

The state's testimony shows that two officers observed the appellant pick up a sack of grain in a railroad yard and carry it some fifty or sixty feet. Appellant was carrying the sack in the direction of his automobile and when he saw the officers he dropped it and ran. The sack was recovered by the officers and was found to contain about one hundred twenty-five pounds of wheat.

It was stipulated that Harry Thompson, the alleged owner of the grain, was in fact the owner, that the grain had a value of $6.00, and that Thompson did not give his consent to the appellant or anyone else to take the grain.

Appellant did not testify or offer any evidence in his behalf.

The evidence is sufficient to support the conviction.

Appellant's sole contention on appeal is that the complaint and information did not sufficiently describe the property alleged to have been stolen.

The complaint and information charged that the appellant did fraudulently take and steal "one hundred twenty-five pounds of grain of the value of six dollars".

Art. 403, V.A.C.C.P., provides, in part, as follows:

"When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient."

In the recent case of Hendley v. State, 313 S.W. 2d 296, the allegations "one tire of the value of ten dollars", and "one wheel of the value of ten dollars" were held to sufficiently describe the stolen property.

The allegations "one pair of shoes", Johnson v. State, 42 Texas Cr. Rep. 103, 58 S.W. 69, "one suit of clothes", Baldwin v. State, 76 Texas Cr. Rep. 499, 175 S.W. 701, and "one camera", Beland v. State, 160 Texas Cr. Rep. 351, 271 S.W. 2d 430, have been held sufficient to describe the property.

In the instant case, the quantity of the property, "one hundred twenty-five pounds", is alleged and a general description of the kind of property is alleged by use of the generic term "grain".

We hold such allegation sufficient to describe the property alleged to have been stolen by appellant.

In Oakley v. State, 167 Texas Cr. Rep. 630, 323 S.W. 2d 43, relied upon by appellant, where the allegation "seed of the value in excess of $50" was held to be an insufficient description of the property, there was no allegation—as in the case at bar—as to the quantity of the property charged to have been stolen.

The judgment is affirmed.

Opinion approved by the Court.