**M. D. CRYE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37727.**

Court of Criminal Appeals of Texas.

May 5, 1965.

Rehearing Denied June 16, 1965.

Farmer, Maddin, Eichelberger and Walker by C. S. Farmer, Waco (on appeal only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for felony theft; the punishment, five years.

The evidence reveals that the construction of a dam for a lake made it necessary for a railroad company maintaining tracks within the area to abandon and re-locate a portion of its tracks, including a four span bridge.

While testifying, George Shillings identified the appellant as the person who engaged him to haul some steel beams from a railroad bridge, and stated that at first he was unable to load them because they were wedged between the abutments of the bridge but after the appellant cut the beams he hauled them to the scales; that appellant met him there and paid for the weighing and then he hauled the beams to Rubel's

Junk Yard and that appellant paid him for the hauling.

Leo Rubel testified that the appellant was the person from whom he purchased some steel beams for $177.

The evidence of the state further reveals that the steel beams extending between abutments of the bridge forming one of the spans were removed; that they were of the value of more than fifty dollars and were taken without the consent of those in charge and possession of said property.

Testifying in his own behalf, the appellant admitted taking the steel beams from the railroad bridge and his testimony was substantially the same as that of the state, except that he stated that M. D. Godman gave him permission to take the steel beams. He further testified that he thought the U. S. Corps of Engineers had possession of the property and that Godman appeared to have and he believed he did have the authority to give him permission to take the steel beams, but he had been unable to locate him. In rebuttal the state offered proof that Godman was deceased.

For the first time, in his brief, the appellant contends that the indictment does not sufficiently describe the property alleged to have been stolen.

The indictment alleges that the appellant did "fraudulently take a railroad bridge span."

 The complaint as to the description of the property alleged in the indictment is not of such nature as would require a reversal when raised for the first time in this court, on appeal.

 It is contended that there is a variance between the indictment and the evidence, in that the indictment alleges the property belonged to J. M. Lowry, whereas the evidence reflects the owner's name to be John M. Lowrey. The variant names

are idem sonans. Hence no error is presented. 1 Branch (2) 31, Sec. 39.

 The evidence is sufficient to support the conviction and, no error appearing, the judgment is affirmed.

Opinion approved by the Court.