Johnny M. WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 38523.

Court of Criminal Appeals of Texas.

Nov. 24, 1965.

Rehearing Denied Jan. 19, 1966.

Second Motion for Rehearing Denied Feb. 9, 1966.

O. E. Halsell, Odessa, for appellant.

Jack Tidwell, Dist. Atty., Mike Berry, Asst. Dist. Atty., Odessa, Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is felony theft; the punishment, enhanced by two prior convictions for felonies less than capital, life.

The indictment alleged the theft of "ten drill bits" of the value of more than $50 from K. L. Beck on or about November 15, 1964.

A prior conviction for burglary, on October 8, 1959, in the District Court of Crane County, and a conviction for felony theft on September 30, 1950, in the District Court of Stephens County, for an offense committed prior to the commission and conviction for said burglary, were alleged for enhancement of punishment purposes.

The statement of facts reveals that on the date alleged in the indictment Beck was General Superintendent for A. W. Thompson Drilling Contractor and had custody and control of their drill bits, fourteen of which were missing from the company yard in Ector County; that the value of ten of the bits was more than $50, and that he did not give appellant permission to take them from his possession.

Grady Orbison, an accomplice witness, testified that he, Don Nave, Tommy Barney and appellant went to A. W. Thompson's yard and got about 14 drill bits which they took to Tonkawa, Oklahoma and sold to Bill Strange; that Strange paid for the drill bits with two checks totaling $350 which they cashed and divided the proceeds.

Bill Strange, also an accomplice witness, gave similar testimony and testified that he signed the checks in appellant's car; that appellant was in the front seat at the time and Orbison was in the back seat; that the checks were cashed and appellant's name appeared thereon as endorser.

The checks were introduced in evidence and one of the drill bits was introduced.

Howard Autry, Division Manager for Smith Tool Company, testified that the drill bit introduced in evidence was of the value of $200 or $300.

Appellant's testimony and the testimony of his witness Scott raised issue as to the value of the drill bits being less than $50 and the lack of unlawful intent on his part in taking them to Bill Strange's yard in Tonkawa. He denied that the checks were given in payment for these drill bits or that he received any money from the sale of such bits, if they were sold to Strange.

The prior convictions were proved and appellant admitted his identity as the defendant so convicted.

Appellant's able court appointed counsel presents fourteen claims of error.

■ He complains of the overruling of four motions to quash the indictment. None of these is shown to have been presented to the trial judge for his ruling. In the absence of a bill of exception, formal or informal, appellant's attack upon the indictment must be considered as though no motion to quash or exception to the indictment was filed. Crawford v. State, 165 Tex.Cr.R. 147, 305 S.W.2d 362; Brooks v. State, 170 Tex.Cr.R. 555, 342 S.W.2d 439; Dominguiz v. State, Tex.Cr.App., 373 S.W.2d 241.

■ We overrule the contention that "ten drill bits" is an inadequate description of the property alleged to have been stolen. (Art. 403, Vernon's Ann.C.C.P.) Beland v. State, 160 Tex.Cr.R. 351, 271 S.W.2d 430, Guidry v. State, 172 Tex.Cr.R. 516, 360 S.W.2d 152. See also Hendley v. State, Tex.Cr.App., 313 S.W.2d 296; Johnson v. State, 42 Tex.Cr.R. 103, 58 S.W. 69; Baldwin v. State, 76 Tex.Cr.R. 499, 175 S.W. 701.

The prior convictions alleged for enhancement were proved by certified copies of the

judgments of conviction and were admitted by appellant.

The first conviction in point of time was in Stephens County on September 10, 1950. This conviction was final long before the commission of the offense for which appellant was on trial. The date of the commission of the offense for which appellant was convicted in 1950 is not material.

The conviction in Crane County in 1959 was shown to be for an offense committed after the Stephens County conviction became final. The indictment returned on June 10, 1958, alleging the offense to have been committed on or about the 15th day of May, 1958, was introduced in evidence. An indictment for burglary may be presented within 5 years, and not afterward. Art. 179 C.C.P.

Under the 1958 indictment a conviction could not be had for an offense committed prior to September 10, 1950.

■ It is contended that this conviction cannot stand because the record does not reflect waiver of the 10 days time to prepare for trial allowed by Art. 494, V.A.C. C.P.

The trial judge appointed counsel on January 7, 1965. Under such appointment said counsel represented appellant at his trial on March 25, 1965, upon a re-indictment filed March 17, 1965, for the same offense, and the court allowed his fees under his appointment in January.

We overrule appellant's contention that Ex parte Gudel, Tex.Cr.App., 368 S.W.2d 775, and Bennett v. State, Tex.Cr.App., 382 S.W.2d 930, are applicable and require reversal.

The remaining claims of error have been considered and are overruled. The evidence is sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

■ Appellant's diligent counsel has by supplemental transcript made available to this Court the trial court's ruling on his motion to quash the indictment. We find therefrom that appellant agreed with the trial court when he called counsel's attention to the fact that he had announced ready prior to the presentation of the motion. It has long been the rule in this Court that motions to quash must be presented prior to announcement of ready. See Bond v. State, 171 Tex.Cr.R. 119, 345 S.W.2d 520, and cases there cited.

■ Appellant again urges that the State failed to prove the date of the commission of the offense which resulted in the 1950 Stephens County conviction alleged for enhancement. Further proof is not required because appellant could not have been convicted in 1950 except for an offense which had been committed prior to the date of conviction.

■ His last contention related to the court's charge. We find that the questions propounded to appellant about his prior felony and misdemeanor convictions which involved moral turpitude were proper under Article 732a, V.A.C.C.P. and that the court's charge thereon, taken from 1 Branch Ann. P.C., Sec. 189.3, p. 209, was not error.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.