446 F.2d 1384
 Johnny M. WILSON, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Department of
Corrections, Respondent-Appellee.
No. 71-1615 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part. I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 11, 1971, Rehearing Denied Sept. 10, 1971.
 
 Johnny M. Wilson, pro se.
 Crawford C. Martin, Atty. Gen., Glenn R. Brown, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Dunklin Sullivan, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the petition of a Texas state prisoner for the writ of habeas corpus. We affirm.
 
 
 2
 Appellant is serving a life sentence, having been convicted upon trial by jury of theft over $50 with two prior convictions used for enhancement of punishment. The conviction was affirmed on direct appeal. Wilson v. State, Tex.Cr.App.1965, 398 S.W.2d 291.
 
 
 3
 In his habeas petition filed in the court below appellant alleged that a 1959 conviction used for enhancement is invalid because he was not advised of his right to counsel for a direct appeal; that the 1950 conviction used for enhancement is invalid because he pled guilty without being advised that the conviction could be uesd for enhancement on a subsequent conviction; and that two prior convictions which were introduced for impeachment purposes are invalid because appellant was without counsel in both cases. The district court denied relief without an evidentiary hearing.
 
 
 4
 A reading of the record, which includes copies of the records in appellant's state convictions, clearly demonstrates appellant is not entitled to relief. Although Wilson alleges as to the 1959 conviction that he lost the assistance of counsel to aid him in his motion for new trial and appeal due to his indigency, this position is not supported by the record which wholly fails to show that he was indigent at the time of his trial, that court was aware of his indigency, or that the court was aware of his desire to appeal. Rather there is evidence to the contrary. The record shows that trial counsel had filed a motion for a new trial; however, the record also contains a waiver signed by appellant by which he withdrew and abandoned the motion for a new trial.
 
 
 5
 The 1950 conviction is not invalid because the trial court did not advise appellant that the conviction could be used for enhancement purposes in a future conviction. That collateral effect of the guilty plea was too remote to require the sentencing court to advise him regarding it, since it concerned only a possible future conviction. See Ladner v. Henderson, 5th Cir. 1971, 438 F.2d 638; Trujillo v. United States, 5th Cir. 1967, 377 F.2d 266, cert. denied 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221.
 
 
 6
 Finally, even if appellant was not represented by counsel for the two prior convictions introduced to impeach him, such use of those convictions does not rise to a level of error of constitutional proportions requiring reversal. Loper v. Beto, 5th Cir. 1971, 440 F.2d 934. The judgment below affirmed.
 
 
 7
 Affirmed.