**Richard Eugene MEARS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55935.**

Court of Criminal Appeals of Texas.

Nov. 2, 1977.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell J. Templeton and Daniel P. Garrigan, Asst. Dist. Attys., Dallas, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for unauthorized use of a motor vehicle. Punishment was assessed by the court at four years.

On January 16, 1976, appellant waived his right to prosecution by indictment, trial by jury and appeal and pled guilty to an information charging him with unauthorized use of a motor vehicle. After he was convicted, he did not waive his right to appeal. On January 20, 1976, he filed a notice of appeal dated January 16, 1976, but the court disallowed the appeal.

This Court, in a per curiam opinion dated February 23, 1977, held that the waiver of appeal was ineffective because he did not waive his right to appeal after he had been convicted. The cause is now properly before us.

Appellant's sole contention is that the information is fundamentally defective because it fails to describe the motor vehicle alleged to have been operated by him. The information alleges, in substance, that on December 2, 1975, appellant "intentionally and knowingly operate[d] a motor vehicle owned by John R. Eagle, without his effective consent."

V.T.C.A., Penal Code, Section 31.07, provides, in part:

"(a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motorpropelled vehicle without the effective consent of the owner. . . . ."

The information in the instant case tracks the language of the statute and thus charges an offense. Appellant's contention regarding the description of the motor vehicle relates to the certainty of the allegations and notice. Complaints regarding the sufficiency of an indictment or information must be raised in the trial court.

Articles 21.21(7) and 27.09(2), V.A.C.C.P.; *Stribling v. State*, 542 S.W.2d 418 (Tex.Cr. App.1976). Since appellant did not move to quash the information in the present case, or object thereto, his complaint as to its sufficiency cannot be considered on appeal. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974), and cases cited therein.

"One tire of the value of ten dollars" was held sufficient in *Hendley v. State*, 313 S.W.2d 296 (Tex.Cr.App.1958); "one camera" was sufficient in *Beland v. State*, 160 Tex.Cr.R. 351, 271 S.W.2d 430 (1954); "one cattle guard" was sufficient in *Johnson v. State*, 168 Tex.Cr.R. 177, 324 S.W.2d 221 (1959). The allegation of "a railroad bridge span" was held not subject to collateral attack for the first time on appeal. *Crye v. State*, 391 S.W.2d 57 (Tex.Cr.App.1965).

The offense was charged in plain and intelligible language with such certainty as to have enabled appellant to know what offense he was called upon to defend against. No error is reflected. *Wilson v. State*, 520 S.W.2d 377 (Tex.Cr.App.1975); *Gaines v. State*, 501 S.W.2d 315 (Tex.Cr. App.1973).

The judgment is affirmed.