ACCEPTED
13-15-00235-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/9/2015 10:56:16 AM
Dorian E. Ramirez
CLERK

## NO. 13-15-00235-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF
TEXAS
AT CORPUS CHRISTI

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/9/2015 10:56:16 AM
DORIAN E. RAMIREZ
Clerk

**THE STATE OF TEXAS,**
                    **Appellant,**

                    **v.**

**HECTOR GARCIA,**
                    **Appellee.**

On Appeal from the 24th District Court
Victoria County, Texas
Cause Number 14-05-27,962-A

**APPELLANT'S FIRST AMENDED REPLY BRIEF**

**STEPHEN B. TYLER**
Criminal District Attorney
Victoria County, Texas

**BRENDAN WYATT GUY**
Assistant Criminal District Attorney
Victoria County, Texas
205 N. Bridge St. Ste. 301,
Victoria, Texas 77901-6576
bguy@vctx.org
(361) 575-0468
(361) 570-1041 (fax)
State Bar No. 24034895
(On Appeal)

Attorneys for the State of Texas

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.1(a) (2003), the parties to the suit are as follows:

| | |
|---|---|
| **APPELLANT** | **The State of Texas** |
| **APPELLEE** | **Hector Garcia** |
| **TRIAL JUDGE** | **The Honorable Eli Elmo Garza**<br>**377th District Court**<br>**Victoria, Texas** |
| **TRIAL PROSECUTOR** | **Stephen Bret Tyler**<br>State Bar No. 24008186<br>Criminal District Attorney<br>205 N. Bridge St. Ste 301<br>Victoria, Texas 77901-6576 |
| **TRIAL DEFENSE ATTORNEY** | **Micah Wayne Hatley**<br>State Bar No. 24053260<br>P. O. Box 2113<br>Victoria, Texas 77902 |
| **APPELLATE STATE'S ATTORNEY** | **Brendan Wyatt Guy**<br>State Bar No. 24034895<br>Assistant Criminal District Attorney<br>205 N. Bridge St. Ste 301<br>Victoria, Texas 77901-6576 |
| **APPELLATE DEFENSE ATTORNEY** | **Luis Adrian Martinez**<br>State Bar No. 24010213<br>P.O. Box 410<br>Victoria, Texas 77902-0410 |

# TABLE OF CONTENTS

PAGE (S)

IDENTITY OF PARTIES AND COUNSEL..................................................ii

TABLE OF CONTENTS..................................................... iii-iv

INDEX OF AUTHORITIES ................................................ v-vi

SUMMARY OF REPLY ........................................................1-4

REPLY ...........................................................................4-16

   I. The State properly preserved for appellate review
   the issue of the Appellee's untimely presentment of
   his motion to quash .....................................................4-8

   II. The *Wilson/Neal* line of cases are the controlling law
   on the issue of whether a motion to quash can be
   presented after a party has announced ready for trial........8-11

   III. Even under Article 1.14, Appellee's motion to quash
   was untimely and should not have been heard.....................11-16

PRAYER .............................................................................17

SIGNATURE .......................................................................17

CERTIFICATE OF COMPLIANCE.....................................18

CERTIFICATE OF SERVICE.............................................19

APPENDIX ..................................................... A-1-A-44

   I.   Appendix Table of Contents .......................................A-1

**II.** **Local Rules of Court for the**
**24th, 135th, 267th and 377th District Courts** ........................A-2-A-44

# INDEX OF AUTHORITIES

## United States Court of Appeals Cases

*Government of the Virgin Islands v. George,*
680 F. 2d 13 (3rd Cir. 1982)........................................................................12

*United States v. Miller,* 463 F. 2d 600 (1st Cir. 1972)..............................12

## Texas Cases

*Hinojosa v. State,* 875 S.W. 2d 339
(Tex. App.-Corpus Christi 1994, no pet)......................................................11

*Lankston v. State,* 827 S.W. 2d 907 (Tex. Crim. App. 1992)....................4

*Miller v. State,* 692 S.W. 2d 88 (Tex. Crim. App. 1985).........................12

*Miller v. State,* 33 S.W. 3d 257 (Tex. Crim. App. 2000).........................10

*Neal v. State,* 150 S.W. 3d 169 (Tex. Crim. App. 2004).......iii, 2-3, 8-10,
....................................................................................................................16

*Resendez v. State,* 160 S.W. 3d 181
(Tex. App.-Corpus Christi 2005, no pet)........................................................7

*Smith v. State,* 309 S.W. 3d 10 (Tex. Crim. App. 2010).....................8, 13

*Wilson v. State,* 398 S.W. 2d 291 (Tex. Crim. App. 1966)..........iii, 2-3, 4,
................................................................................................................9-12, 16

## Texas Statues

TEX. CODE CRIM. PRO. art. 1.14 (West 2005)............2-4, 9-12, 15-16

TEX. CODE CRIM. PRO. art. 28.10 (West 2006)................................11

## Texas Rules

TEX. R. APP. 9.4 ................................................................................ 18

TEX. R. APP. 33.1 ............................................................................... 4

TEX. R. APP. 38.1 ............................................................................... ii

## Local Court Rules

24th, 135th, 267th and 377th (TEX.)
DIST. CT. LOC. R. 3.10
(Calhoun, Dewitt, Goliad, Jackson,
Refugio, and Victoria counties) .............................................5-6, 12, A-10

## NO. 13-15-00235-CR

IN THE COURT OF APPEALS
FOR THE THIRTEEN DISTRICT OF TEXAS
AT CORPUS CHRISTI

THE STATE OF TEXAS..............................................Appelant

v.

HECTOR GARCIA,..............................................Appellee

\* \* \* \* \*

**APPELLANT'S FIRST AMENDED REPLY BRIEF**

\* \* \* \* \*

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, THE STATE OF TEXAS, by and through her Criminal District Attorney, Stephen B. Tyler, and as Appellant in the above numbered and entitled cause, and files this, the Appellant's First Amended Reply Brief, showing:

## SUMMARY OF THE REPLY

The State properly preserved for appellate review its challenge to the Appellee's untimely presentment of his motion to quash. The State's written response to the Appellee's motion to quash clearly asserted that the State believed Appellee's motion was untimely and accordingly that Appellee had

1

forfeited any right to challenge the charging instrument. Furthermore, the trial court clearly understood the basis of the State's challenge to Appellee's motion to quash on this issue, and the State's challenge to the Appellee's motion to quash was timely filed as it was submitted prior to the trial court ruling on the Appellee's motion. The State likewise secured an adverse ruling on this issue when the trial court granted Appellee's motion to quash. Thus the State made a timely, specific argument and secured an adverse ruling on said argument, which is all that is required to secure appellate review on the question of the timeliness of Appellee's motion to quash.

The *Wilson/Neal* line of cases are the controlling Texas law on the issue of whether a party can present a motion to quash after announcing ready for trial. The *Neal* case saw the Court of Criminal Appeals reaffirm their earlier holding in *Wilson* that a motion to quash could not be presented after the party had announced ready for trial, and since *Neal* was decided after the last revision to Article 1.14 of the Code of Criminal Procedure was enacted, the legal principle established in *Wilson* and reaffirmed in *Neal* is the controlling Texas law on the timeliness of challenges to the charging instruments after a party has announced ready for trial. The legislature is presumed to be aware of relevant case law, so if the legislature disapproved

2

of what the Court of Criminal Appeals did in *Neal,* they would have amended Article 1.14 to overrule *Wilson* and *Neal* on this point of law. That the legislature did not do so shows that the legislature endorses the *Wilson/Neal* line of cases, and thus the principle of law established in those cases controls, which means Appellee's motion to quash was untimely and should not have been granted.

Furthermore, even under Article 1.14(b) of the Texas Code of Criminal Procedure, Appellee's motion to quash was untimely and should not have been heard. Texas courts have decided that, for some purposes, trial on the merits commences when the jury is actually sworn in, but it has not yet been decided when trial on the merits commences for the purposes of Article 1.14(b). As such the State contends that for purposes of Article 1.14(b), trial on the merits commences when the work of impaneling the jury begins. Such a standard has been favorably referenced by the Court of Criminal Appeals before and is the standard that will best promote efficiency and lessen the risk of summoning venire panels for no purpose. If such a standard is adopted then it is clear that Appellee's motion to quash was untimely as Appellee's motion was filed on the same day that the venire panel was summoned, sworn, and qualified. Thus since Appellee's motion

3

to quash was submitted on the same day the work of impaneling the jury began, Appellee's motion to quash was also untimely under Article 1.14(b) of should have been denied.

<u>**REPLY**</u>

**I.    The State properly preserved for appellate review the issue of the Appellee's untimely presentment of his motion to quash.**

The State both submitted a timely, specific objection against Appellee's motion to quash on the grounds that said motion was untimely presented to the trial court and secured an adverse ruling from the trial court on the State's objection to Appellee's motion to quash. As such the State did everything necessary to preserve error on this issue under Texas Rule of Appellate Procedure 33.1.

All that is required for a party to avoid the forfeiture of a complaint on appeal is that a party let the trial court know what it wants, why the party believes it is entitled to that relief, and that it do so clearly enough for the judge to understand what the party wants at a time when the trial court is in a proper position to provide the requested relief. *Lankston v. State*, 827 S.W. 2d 907, 909 (Tex. Crim. App. 1992). The State's challenge to the defense motion to quash on the grounds met all of those requirements, and thus properly preserved error on this point.

4

Section 3 of the State's Response to Defense Motion to Quash, asserted that the Appellee had waived and forfeited any right to object to the motion to quash due to the untimely presentment of the defense motion. [CR-I-70-71]. The plain language of that response clearly informed the trial court of what the State wanted (Appellee's motion to quash to be denied), and why the State was entitled to that result (because Appellee's motion had been untimely presented.) Thus the State's written response constituted a specific objection to Appellee's motion to quash being granted.

The State's response to the Appellee's motion to quash likewise asserted the State's position clearly enough that the trial court obviously understood that the State was challenging the timeliness of the defense motion. The nature of the State's objection to Appelee's motion to quash is obvious just from the plain language of Section 3 of the State's response, and the fact that the trial court did not seek any oral argument from the parties prior to ruling on the defense motion made it clear that the trial court fully understood the nature of the State's objection. [RR-V-6]. (It is not plausible that the trial court would have ruled on Appellee's motion to quash without permitting oral argument from the parties if the trial court did not actually understand the State's argument.) Furthermore, Rule 3.10 of the

First Amended Reply Brief of Appellant
Victoria County Criminal District Attorney
No. 13-15-00235-CR

Local Rules of Court for the 24th, 135th, 267th and 377th Judicial District Courts (the Local Rules of Court applicable in the trial court) clearly establishes the requirement on parties to submit their motions at pre-trial hearings and further establishes that failure to present such motions "in a timely manner shall cause them to be waived." The trial judge obviously knows and follows the rules of his own court, and thus the trial judge would understand that a response that asserts that the defense has waived a pre-trial motion is a response that said motion has been untimely presented to the court, since untimeliness of presentment is the factor that causes a party to waive a pre-trial motion per Local Rule 3.10.

The State's challenge to the defense motion to quash was also clearly submitted in a timely manner. The State's response was filed on May 5, 2015. [CR-I-70]. That is admittedly the same day the hearing on the motion to quash was held. [RR-V-1] (It was hardly possible for the State to file its response any earlier since the Appellee's motion to quash was filed on May 4, 2015.) [CR-I-64]. However, it is still clear that the State's response was filed prior to the trial court ruling on Appellee's motion since the trial court explicitly referenced having read the State's response prior to ruling on

6

Appellee's motion. [RR-V-6]. Thus the State also clearly asserted its objection to Appellee's motion to quash in a timely manner.

Therefore the State's objection to Appellee's motion to quash was timely, specific, and was done in such a way that the trial court would have understood both the nature of the State's objection and the relief being sought by the State. Accordingly, the State's response to Appellee's motion to quash met all the requirements necessary to preserve appellate review on the timeliness of the presentment of Appellee's motion.

Nor can it be disputed that the State secured an adverse ruling on this issue. Despite the State's response, which clearly asserted that Appellee had waived his right to challenge the indictment, the trial court granted Appellee's motion to quash. [RR-V-6]. A ruling granting the motion to quash, implicitly overruled all of the State's arguments for why that motion to quash should not be granted. See *Resendez v. State,* 160 S.W. 3d 181, 190 (Tex. App.-Corpus Christi 2005, no pet)(holding that a trial court implicitly making an adverse ruling against a party is enough to preserve error). Thus the trial court's ruling granting Appellee's motion to quash was a definite adverse ruling against the State's argument that the motion to quash should be denied due to the untimely presentment of said motion.

7

Therefore the State both raised a timely, specific challenge to the trial court concerning Appellee's motion to quash and then secured an adverse ruling from the trial court on the timeliness of the presentment of Appellee's motion to quash. That is all that is required to preserve the issue of whether Appellee's motion to quash was untimely for appellate review. See *Smith v. State*, 309 S.W. 3d 10, 18 (Tex. Crim. App. 2010).

## II. The *Wilson/Neal* line of cases are the controlling law on the issue of whether a motion to quash can be presented after a party has announced ready for trial.

Appellee's brief attempts to dismiss the long settled principle of Texas law, that a motion to quash cannot be presented after a party has announced ready for trial, as mere dicta. Such a position would undermine long established Texas law and should therefore be rejected.

It is perhaps true, as Appellee argues, that the issue of when a motion to quash can be presented to the trial court, was not really the primary issue in *Neal*. See *Neal v. State*, 150 S.W. 3d 169 (Tex. Crim. App. 2004). However, it is also true that *Neal* is not the case that originated the point of Texas law that a motion to quash cannot be presented after a party has announced ready for trial. Rather that point of law had already been firmly established by the Texas Court of Criminal Appeals since at least the *Wilson*

8

case in 1966. See *Wilson v. State,* 398 S.W. 2d 291, 293 (Tex. Crim. App. 1966)(op. on reh'g)(holding that "It has long been the rule in this Court that motions to quash <u>must be presented prior to announcement of ready.</u>") (emphasis added).

Thus the prohibition on presenting a motion to quash to the trial court after announcing ready for trial is clearly not just some random musing of the Court of Criminal Appeals; it is instead a long settled principle of Texas law that has endured for at least 50 years. The specific significance of *Neal* is therefore that it shows that the Court of Criminal Appeals continues to affirm *Wilson* as good law even after the adoption and amendment of Texas Code of Criminal Procedure Article 1.14(b). See *Neal,* 150 S.W. 3d at 176. As such to the extent there is any conflict between the *Wilson/Neal* line of cases and Texas Code of Criminal Procedure Article 1.14(b), the *Wilson/Neal* line of cases must prevail.

Article 1.14 was last amended by the 72nd legislature, with the changes to the statute going into effect in September of 1991. *Neal* was decided in 2004. Thus *Neal* reaffirmed the prohibition against presenting a motion to quash after announcing ready for trial thirteen years after the last revision to Article 1.14. *Neal* is the more recent statement of law and as the more

9

recent statement of law it should control. After all, it is presumed that the legislature is aware of case law affecting or relating to a statute. *Miller v. State*, 33 S.W. 3d 257, 260 (Tex. Crim. App. 2000). Thus if the legislature disapproved of *Neal* (and thus *Wilson*), it could have easily amended Article 1.14 to establish that said article and not the *Wilson/Neal* line of cases would control as to when a motion to quash could be presented. The legislature did not do that though and thus implicitly embraced the *Wilson/Neal* rule prohibiting the presentment of motions to quash after a party has announced ready for trial.

The rule established by the Court of Criminal Appeals in *Wilson* and reaffirmed in *Neal* is therefore the controlling law concerning the timeliness of the presentment of motions to quash after a party has announced ready for trial, and said rule makes it clear that such motions cannot be presented after a party has announced ready for trial. *Wilson v. State*, 398 S.W. 2d at 293; *Neal*, 150 S.W. 3d at 176. Appellee presented his motion to quash to the trial court after he had announced ready for trial. [RR-IV-6; RR-V-6]. Therefore Appellee's motion to quash was untimely, and it was plain error for the trial court to grant said motion. Texas law is abundantly clear on this issue, and thus the case law established by the Court of Criminal Appeals

First Amended Reply Brief of Appellant
Victoria County Criminal District Attorney
No. 13-15-00235-CR

should be upheld. Therefore the trial court's decision to grant Appellee's motion to quash must be reversed.

### III. Even under Article 1.14, Appellee's motion to quash was untimely and should not have been heard.

In the alternative, even if the *Wilson/Neal* line of cases is disregarded, Appellee's motion to quash was still untimely pursuant to Article 1.14 of the Code of Criminal Procedure, and therefore should have also been denied pursuant to that statute.

Article 1.14 states that a defendant who does not object to a defect, error, or irregularity in the charging instrument prior to the date on which the trial on the merits commences, waives and forfeits any claim of error related to the charging instrument. Thus the critical issue in analyzing Article 1.14(b) for this case is what does the "date on which the trial on the merits commences" actually mean.

There is admittedly case law that, for certain statutes, the trial on the merits only commences on the day that the jury is actually sworn into service. See *Hinojosa v. State*, 875 S.W. 2d 339, 342 (Tex. App.-Corpus Christi 1994, no pet)(holding that for purposes of Article 28.10 of the Texas Code of Criminal Procedure, trial on the merits commences on the day the jury is impaneled and sworn). However, it has not been definitively

11

established by the Court of Criminal Appeals when trial on the merits commences for the purposes of Article 1.14(b) of the Code of Criminal Procedure and thus that legal question is still open.

It should also be noted that the Court of Criminal Appeals has in the past favorably spoken of the standard employed by some of the federal courts of appeals in holding that trial on the merits commences at the time that the work of "impaneling the jurors begins." See *Miller v. State*, 692 S.W. 2d 88, 91 (Tex. Crim. App. 1985); *United States v. Miller*, 463 F. 2d 600, 603 (1st Cir. 1972); *Government of the Virgin Islands v. George*, 680 F. 2d 13, 15 (3rd Cir. 1982). That is a sensible standard to employ in regards to challenges against a charging instruments and thus the State would urge that this standard be adopted for interpreting when a trial on the merits commences for the purpose of Article 1.14 of the Code of Criminal Procedure. (Such a standard would also be consistent with the logic of the trial court's Local Court Rule 3.10; a rule that clearly recognizes the danger of untimely presented motions and attempts to prevent the problems caused by the failure to timely present motions by making the price of such failure the waiver of the motion.)

First Amended Reply Brief of Appellant
Victoria County Criminal District Attorney
No. 13-15-00235-CR

The only logical reason for putting limitations on how late a defendant can challenge the charging instrument is to avoid the inconvenience and expense of having the parties prepare for trial, and of having a venire panel brought in, only to have the trial then cancelled by a last minute challenge to the charging instrument. Such last minute cancellations have the potential to inject substantial unnecessary costs into the system and will certainly engender great frustration and irritation in the witnesses and venire members who are pulled out of their normal lives and forced to come to court for ultimately no purpose. Such incidents also have the potential to damage the credibility and esteem of the entire justice system which at best seems wasteful and at worst seems downright contemptuous of its citizens, if they are called in for jury duty and then inexplicably dismissed over a matter that could have easily been handled at a pre-trial hearing far in advance of the summoning of the venire panel.

Such inefficiencies might be necessary to tolerate if that was the only way to vindicate the rights of a defendant, but that is clearly not the case when it comes to challenges to a charging instrument. A challenge to the sufficiency of a charging instrument presents a question of law. See *Smith*, 309 S.W. 3d at 13. Therefore such challenges do not require any discovery

13

or tracking down errant witnesses or anything else that might necessitate a last minute submission. The questions involved in the sufficiency of a charging instrument are all legal questions rather than factual questions and thus, barring a late amendment to the charging instrument by the State, there is no reason why such a motion would need to be filed at the last minute, and therefore no reason why the justice system should tolerate such challenges after the venire panel has already been brought to the courthouse and the work of impaneling the panel has begun.

Appellee's brief list several possible remedies the State has for dealing with a last minute presented motion to quash but those remedies do not address the problems of unnecessary waste and disruption caused by allowing challenges to charging instruments after the venire panel has already arrived. It is true that the State can appeal or seek to re-indict in response to the granting of a last second motion to quash, but neither of those options helps alleviate the above listed problems. The State will still be out any money that it spent transporting witnesses; the county will still have to pay for the cost of all the jurors that were summoned, the witnesses and venire members will still have been called away from their normal lives for no real purpose, and the justice system itself will still look inefficient and

14

contemptuous of people's time. The only way to avoid such needless waste and disruption is to require challenges to the charging instruments to take place before the work of impaneling a venire panels begins. Such an approach will still fully protect the rights of defendants (since defendants can easily raise any challenges to the charging instruments well in advance of the arrival of the venire panel), and this approach will greatly reduce the risk of having a venire panel summoned for no purpose.

The Court of Criminal Appeals and several federal courts of appeal have already looked favorably on the idea that trial commences at the time the work on impaneling a jury begins. That approach is a sensible standard, and the best way to promote the interests of the community, without undermining the rights of the defendants. Thus for purposes of determining when the trial on the merits commences under Article 1.14, that approach should be adopted, and under that approach it is clear that Appellee did not comply with the requirements of Article 1.14(b) in this case.

The venire panel for this case was called in, sworn, and qualified on May 4, 2015. [CR-I-118]. Appellee's motion to quash was filed that same day [CR-I-64] and was not presented to the trial court until the following day. [RR-V-6]. Thus since the venire panel had already been called in,

15

sworn and qualified the day before Appellee's objection to the indictment was heard, the work on impaneling the jury had already begun, which should mean that, for purposes of Article 1.14(b), the trial on the merits had already commenced. As such even without considering the *Wilson/Neal* line of cases, Appellee's motion to quash was untimely under Article 1.14(b) and should not have been granted.

First Amended Reply Brief of Appellant
Victoria County Criminal District Attorney
No. 13-15-00235-CR

# PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays that this Honorable Court reverse the judgment of the trial court.

.

**Respectfully submitted,**


**STEPHEN B. TYLER**
**CRIMINAL DISTRICT ATTORNEY**


**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone: (361) 575-0468
Facsimile: (361) 576-4139


**ATTORNEYS FOR THE APPELLANT,**
**THE STATE OF TEXAS**

17

# CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I, Brendan Wyatt Guy, Assistant Criminal District Attorney, Victoria County, Texas, certify that the number of words in Appellant's First Amended Reply Brief submitted on November 9, 2015, excluding those matters listed in Rule 9.4(i)(3) is 3,401.

/s/ **Brendan W. Guy**

**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone: (361) 575-0468
Facsimile: (361) 576-4139

## CERTIFICATE OF SERVICE

I, Brendan Wyatt Guy, Assistant Criminal District Attorney, Victoria County, Texas, certify that a copy of the foregoing brief has been served on Luis Martinez, Attorney for the Appellee, by electronic mail on the day of November 9, 2015.

/s/ **Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone: (361) 575-0468
Facsimile: (361) 576-4139

19

# APPENDIX

## Table of Contents

Table of Contents ........................................................................... A-1


**Local Rules of Court for the
24th, 135th, 267th and 377th District Courts**.....................................A-2-A-44

# RULES OF COURT

24th, 135th and 267th DISTRICT COURTS

Composed of

CALHOUN, DEWITT, GOLIAD, JACKSON,

REFUGIO AND VICTORIA COUNTIES

and

377th DISTRICT COURT

Composed of

VICTORIA COUNTY

STATE OF TEXAS
COUNTY OF VICTORIA
I, CATHY STUART, DISTRICT CLERK OF
VICTORIA COUNTY TEXAS DO HEREBY CERTIFY THAT
THE FOREGOING IS A TRUE AND CORRECT COPY OF THE
ORIGINAL RECORD, AS THE SAME APPEARS ON FILE IN
THE DISTRICT COURT OF VICTORIA COUNTY TEXAS.
WITNESS MY OFFICIAL HAND AND SEAL OF SAID COURT
THIS _____ DAY OF
_____ A.D. 20___
CATHY STUART, DISTRICT CLERK
VICTORIA COUNTY TEXAS

BY _____
DEPUTY

Pursuant to the authorization of Rule J(a) of the Texas Rules of civil Procedure, the following rules governing the practice in the District Courts of the 24th, 135th, 267th and 377th Judicial Districts of Texas have been adopted. Nothing contained in these rules shall be construed or interpreted as interfering with the rights of the Trial Judge to make such orders; setting or procedural directions as in his discretion may be necessary and proper for the expedient and orderly dispatch of the business of the Court.

The Clerk of the District Court of each of the counties composing the 24th, 135th, 267th and 377th Judicial Districts shall make available to each attorney practicing in such Court copies of these Rules for a fee set by the Clerk.

## 1. FILING AND SETTING FOR TRIAL OF CASES

### Rule 1.10 Time Standards for Case Disposition.

The 24th, 135th, 267th and 377th Judicial District Courts adopt the time standards for disposition of cases as established by the Constitution, Statutes, or by Rules of the Supreme court, Rules of Judicial Administration, or by rules.

promulgated by the Court of Criminal Appeals.

The Court may elect to vary from these time standards in complex cases or special circumstances upon the motion of either party or upon the Court's own motion.

Rule 1.11 Court Sessions.

The Courts sitting in the above mentioned counties shall be set according to a schedule or calendar published. The Courts shall publish an annual calendar showing the weeks of jury trials, non-jury trials, holidays and other schedules and events and any other matters that will facilitate the work of the Co.urt. The Clerk shall make available a copy of the calendar to each attorney or litigant appearing in the Court and to other persons requesting it.

Rule 1.12. Filing and Assignment of Cases.

All criminal cases shall be filed in the 24th Judicial District Court.

All civil cases invoking District Court jurisdiction should be filed on a rotating basis among the District Courts. On being filed, a case shall be assigned randomly to the docket of one of the District Courts. Once assigned to a Court, the case will remain on the docket of that Court for all purposes.

Rule 1.13. Docket and Bench Exchange.

Any District Judge having geographical jurisdiction may hear and determine any matter pending in either of the District Courts of this district. In setting cases, the District Clerk

2

will ordinarily do so without reference to which Court the same is filed in or which Judge will ·be present to hear cases at a particular time.

Rule 1.13(e).    Setting Before A Particular Judge.

If a Judge has heard preliminary, pre-trial, or related matters in a complex or a time-consuming case, the Judge may, either on his own motion or on the suggestion of the parties, retain that case through final disposition.  Such cases may be set in this manner only with the approval of the Judge who heard the earlier matters in that case.  A setting before a particular Judge is not necessarily a preferential setting.

Except for unusual circumstances, post trial matters such as Motions for Judgment, Motions for New Trial, and motions ancillary to enforcement of the judgment, except for Contempt Motions in Family Law matters, will be heard before the Judge who rendered judgment in the case.

Any Judge of the District Court serving a Judicial District may act for any other Judge of the District Court serving the same county in any case where the unavailability of the Judge of the court in which the case is assigned shall work an injustice or hardship by undue delay, including, but not limited to:  criminal matters; habeas corpus matters; juvenile matters; temporary restraining orders; temporary injunction hearings; contempt matters; and other emergency matters.

3

## Rule 1.14. Request for settings - Non-jury Cases.

Non-jury cases may be set for trial upon request to the District Clerk of the Court in which the case is filed, or upon the court's own motion. such request may be made by letter, by Motion to Set or in any other manner that may be appropriate. Notice of such Motion or request shall be mailed to all other counsel in the case.

## Rule 1.15. Request for settings -Jury Cases.

Jury cases may be set by request from any party or upon the Court's own Motion or at a scheduling or Docket Control Conference hereafter described under Rule 3.18. Preferably such jury settings shall be made after consultation with all attorneys of record in order that conflicts of schedule and last minute delays may be avoided.

## Rule 1.16. Request for Preferential Setting.

Special preferential settings may be made by the Judge when because of unusual circumstances more than ordinary difficulty would be encountered in having all counsel and witnesses available when the case is reached in regular order. Cases specially set shall take precedence over all other matters, except matters entitled to preference by law and matters commenced but not completed the preceding week. A preferential setting shall be made only by agreement of all the parties and with consent of the Judge who will preside, after showing good cause therefor. Such preferential setting may be

4

abated only by the Judge involved. After a case has been preferentially set, other engagements of counsel shall not be grounds for postponement of a case specially set, unless good cause is shown on motion and notice filed more than ten days before the date set for trial. Cases preferentially set are not subject to carry over.

Rule 1.17. Emergency and Special Meetings.

Whenever immediate action of a Judge is required in an emergency and the Clerk's office is not open for business, the case shall, nevertheless, at the earliest practical time be docketed and assigned to a Court as provided by these rules, and all writs and process shall be returnable to that Court.

All applications for ex parte relief shall state whether or not within the knowledge of the applicant and his attorney the opposing party is represented by counsel and if so the names of such counsel.

Rule 1.18. Docket Calls and Announcements.

Each Judge shall call the number and style of the cases assigned for that day at the commencement of proceedings, at which time the attorneys for each party shall indicate whether they are ready for trial and how long the trial of the matter before the Court will take. Each attorney should be candid and liberal in time estimates.

The purpose of Docket Call shall be to designate actual trial cases and to assign a numerical order of trial.

5

Readiness should be confirmed at Docket Call.

Rule 1.19.  Resetting cases.

Jury cases not reached for trial when all parties are .r ap.y may be carried over to the next availabl \docket not in conflict with other trial settings of the attorney, and such a "carry over" case shall have preference over other cases set for the later dockets, except for cases with. a preferential setting.  Preferential settings shall not be subject to a carry over status, but shall be.reset by the Judge granting the preferential setting.

Dismissal cases that have been continued shall be reset by the Judge for the next trial date available, and no case shall be continued without a subsequent trial setting being ·made.

The reset of any. dismissal case continued shall be by a Pre-trial order which also shall set forth deadlines for joinder of parties, amendment of pleadings, completing depositions, and the making of a response or supplemental response to discovery, and other pre-trial matters.  A form of such Pre-trial Order is attached as Exhibit c.

Rule 1.20.  Dismissals and Dismissal Docket.

(a) Any case not disposed of within.the time standards of Rule 6 of the Rules of Judicial Administration should be placed on the Dismissal Docket at Regular Intervals as directed by the Judges of the District, and notice of the Courts' intention to dismiss and the date and place of the dismissal hearing shall

6

A-8

be sent by the Clerk to each attorney of record and to each party not represented by an attorney of record and whose address is shown on the docket or in the papers on file, as provided in Rule 165a of the Texas Rules of Civil Procedure, and the case shall thereafter be dismissed unless the case be retained in accordance with said Rule 165a.

## Rule 1.21. Suspense Docket.

If a case has been stayed because it has been abated for any reason, or because a suggestion of bankruptcy proceedings involving a party thereto has been received or for any other reason, the Cause shall not be dismissed but shall be suspended until it can be determined whether the Court may proceed on it. The attorneys shall be responsible for notifying the court of any change in the status of such case in order that it may be expeditiously heard or dismissed. If no report is received from the attorneys in charge or pro se parties within 12 months after being placed in suspense, the Local Administrative Judge may in his or her discretion set the case for dismissal, either at a regular dismissal docket, or at any other convenient time.

## Rule 2.10. Information to Local Administrative Judge.

The District and County Clerks shall be responsible individually to each and all the Judges and Local Administrative Judge of the county for the accurate collection and reporting of such information as may be prescribed in writing by the Regional Presiding Judge. Each Judge will have

direct access to any such information and/or data collected at all reasonable times, Monday through Friday during work hours, and the Clerk shall produce all such and deliver same to any Judge on request..

Rule 3.10. Presentment of Pre-Trial Pleas and Motions.

At any time after answers are filed or a request for trial setting has been made, upon written request of any party or upon motion of any party or the Judge, a pre-trial hearing or conference shall be set.

·At such pre-trial hearing or conference all parties shall present their exceptions, motions and dilatory pleas, including Motions in Limine for rulings by the Court. Failure to present such exceptions, motions and pleas in a timely manner shall cause them to be waived.

Counsel and any pro se parties will be expected at pre-trial to advise the Court which issues will be disputed and will be expected to be familiar with authorities applicable to questions of law thereby raised, Counsel and pro se parties attending.the pre-trial conference shall be the person which is expected to try the case or shall be familiar with the case and fully authorized to state the parties' position on the law and facts, make stipulations and enter into settlement negotiations. Should the Court find that counsel is not so qualified, it may consider that no counsel has appeared and may take action against the party involved.

8

## Rule 3.11. Disposition of Motions and Other Preliminary Matters.

Preliminary matters which require a hearing by the court may be disposed of either by hearing before the Court or upon written authorities as counsel may forward to the Court, following which the Court may rule without hearing. Any party is entitled to a hearing so long as the same is requested prior to the time that the Court makes its. ruling.

A pre-trial conference may be held at the request of the Court or of the parties to the case. If the pre-trial conference is set at the request of attorneys for the parties, it shall be held no later than ten (10) days prior to the date set for trial, unless the Court, upon timely request, orders otherwise. (Pre-trial conferences for criminal cases are controlled by Chapter 28 of the Code of Criminal Procedure.)

## Rule 3.12. Motions for Severance.

All motions to sever are controlled by the provisions of Rules 41 and 174, Texas Rules of civil Procedure, and such rules will be strictly construed. No severance will be granted without notice and an opportunity for hearing afforded to all parties.

When a Motion to Sever is sustained, the severed claim shall be filed as a new case in the same court .and shall be given a new or suffix number or letter by the Clerk in whose Court the case is pending. The original case from which the

9

claim is severed shall retain the original number given it by the Clerk of the court. Before the severed claim is filed as a new case, the Clerk's requirement concerning deposit for costs shall be met.

## Rule 3.13. Motions for Continuance in Jury cases.

No requests to pass, postpone or reset any jury trial shall be granted unless counsel for all parties have been notified and the Movant certifies that the client has been notified of the filing of the motion. The motion shall also contain the correct·name and address of each client represented by the Movant. If the motion is granted, the client will be notified by the Clerk.

## Rule 3.14. Motions for Default Judgment.

After the appearance date of the defendant in a case has passed, a written request for entry of a Default Judgment may be made, and a form of judgment presented, together with any affidavits as to unliquidated parts of such claim. If the parties desire a hearing for default judgment, the District Clerk should be contacted for appropriate time for setting, and where pertinent, these motions should be set on non-,jury dockets. If a claim is liquidated and represented by documents filed, no hearing is necessary. For unliquidated claims, affidavits or testimony may be made the basis for a judgment by the Court. The use of affidavits in Default Judgment proceedings for unliquidated claims is encouraged.

10

Rule 3.17.  Motions for Referral of Disputes or Alternative
Dispute Resolution Procedures.

The Court may, on its own motion or the motion of any party, refer a pending dispute for resolution by an alternative dispute resolution procedure provided for in Chapters 151, 152 or 154 of the Texas civil Practice and Remedies Code.  Any party may, within ten (10) days after receiving notification of a referral, file a written objection which sets forth a reasonable basis for the party's objection to referral and the same shall be forthwith set by the Judge for hearing and resolution.

Rule 3.18;  Docket Control or Scheduling Conference.

At any time after a case is filed, whether or not it has been classified as a complex case, a scheduling conference or docket control conference may be scheduled, upon the court's motion or upon request by any party.   At any time such conference is scheduled, the court in which the case is pending shall notify all attorneys of record of the date and hour at which the attorneys are to appear.  Upon Court approval the scheduling or docket control conference may be held by telephone conference call.  Any attorney requesting that the conference be held by telephone shall be responsible for arranging the conference call on the date and time scheduled by the Judge.

The docket control or scheduling conference shall be

11

conducted informally, and shall be for the purpose of obtaining a date for trial to avoid conflicts in attorneys' schedules, determining the probable length of time required for a trial, determining whether or not a jury will be required, fixing deadlines for joinder of additional parties, completion of discovery, amendment of pleadings and filing all proposed jury questions.

The Judge will direct one of the attorneys to prepare an order reciting any action taken or agreements reached at the scheduling conference, and such order when signed and entered, shall control the subsequent course of the action, unless later modified by the Court.

Rule 3.19. Pre-Trial Conferences.

A pre-trial conference to determine the readiness of the parties for trial, the status of the fact issues to be presented in Court, stipulations of the parties, and any settlement negotiations shall be scheduled in the docket control or scheduling conference. The hearing of the pre-trial conference may be by telephone conference call if requested by any attorney. The Court may order such a pre-trial conference at any time pursuant to Rule 166, Texas Rules of Civil Procedure, even if there have been no docket control or scheduling conference.

Rule 3.20. Compliance with Conference Procedures.

(a) All scheduling conferences and pre-trial conferences

12

shall be attended by the attorney in charge, or by a co-counsel who is familiar with the case and fully authorized to state his party's position on the law and the facts, to make agreements as to scheduling, to enter into stipulations, and to enter into settlement negotiations. Attorneys for all parties shall be physically present at the scheduling confer.ence, unless arrangements have been made for such conference to be held by telephone •.

(b) Each attorney shall bring a calendar in order to arrange settings which do not conflict with any previous engagements of counsel. Under no circumstances may an attorney be represented at any scheduling conference or pre-trial conference, whether held by telephone or otherwise, by any secretary or non-lawyer personnel.

(c) When counsel for either party fails to appear at a pre-trial or docket control conference after notice to appear, the Court may:

1.. Rule on all motions and exceptions in the absence of such counsel;

2. Declare any motions or exceptions of such absent party waived;

3. Advance or delay the trial setting according to convenience of the counsel present;

4. Pass and reset the hearing.

Rule 3.21. Non-compliance with Conference Rules.

13

When any attorney in charge for either party, after notice and without good cause, fails to appear for a docket control scheduling or pre-trial conference or fails to be available for any such conference by telephone, the Court may:

1. Make all scheduling decisions and rule on all motions, exceptions or other matters in the absence of such counsel;

2. Declare any motions or exceptions of absent party waived;

3. Advance or delay the trial setting or other such scheduling matters, or decline to set the case for trial, or cancel a setting previously made, according to the convenience of counsel present;

4. Pass and reset the docket control scheduling or pre-trial conference, in which case the party represented shall be entitled to recover his reasonable attorney's fees and expenses;

5. Consider the absence of the attorney in charge as a contempt of court, and punish counsel accordingly.

In situations where the Court determines that there is a suggestion of death, or information concerning bankruptcy proceedings or reasons not to dismiss a case for want or prosecution, or if it is necessary to abate the proceedings, the cause may be held in suspense subject to later setting of the case for trial when it becomes appropriate in accordance

14

with Rule 1.21.

Rule 3.22.    Discovery Motions.

All counsel are expected to engage in good _faith_ negotiations pursuant to the discovery and deposition rules of the Texas Rules of Civil Procedure.  Requests for hearings on motions for discovery, or for protection, or to quash or requests for sanctions may be heard at any time, in any county in which .the Judge having jurisdiction of the case can hear the . same.

The Court expects attorneys served with written interrogatories or requests for admission to answer the same within the time specified unless the time within which to answer has been extended or reduced by the Court or by agreement of the parties.

Rule 3.23.    Settlements.

All trial counsel are urged to make a bona fide effort to settle cases before announcing ready for trial.  The Court will expect counsel, before announcing ready, to confer with his client and opposing counsel concerning settlement and to recommend an offer which is in his professional opinion reasonable, unless in his professional opinion the case is not such as to justify any offer whatsoever.

When an attorney settles or dismisses a case which is set for trial, he shall give notice to the District Clerk of the Court where pending as soon as possible and submit a written

15

dismissal or judgment forthwith. If the setting is preferential, the Judge shall be immediately notified.

The Court will reserve the right to require the presence of counsel and the parties at the time for which trial was set if no documentary evidence of the settlement has been received before the call of the docket.

Rule 3.24. Conflicting Engagements of counsel.

When a Motion for Continuance is made on the basis that counsel already has a trial setting in another court, such motion should state the number and style of the case and the Court in which the attorney is scheduled and should state the length of time required for hearing or trial. The Court will reserve the right to check the appearance of counsel is necessary at such other Courts ·.

At docket control or scheduling conference, each attorney shall be responsible for disclosing to the Judge any conflicting engagements of counsel that may interfere with a trial setting. Tentative schedules in some other Court will not be grounds for granting a continuance. In the event the case in the other Court is passed, continued or disposed of prior to or during the week in which the case is set for trial in these Courts, the attorney shall immediately notify the Court and opposing counsel of such fact.

The Judge shall make of record a note when the trial was .set, such record to be either on a docket sheet or notice of

16

setting. In case of such conflicting settings, the Court whose date of setting is the earliest shall have preference, and other Courts shall yield to such prior setting; except that criminal cases in all District courts shall have priority over civil cases.

In the event any of the above policies works an undue hardship (e.g., where a subsequent setting involves multiple parties and counsel, or where witnesses must appear from great distances or other such hardship), the Judge of the court in which the subsequent setting was made shall attempt to make personal contact with the Judge of the Court of the prior setting and make satisfactory arrangements for a deviation from the policy herein announced.

Nothing herein shall prevent any Court making a subsequent setting from insisting upon a trial in the event the case in the Court of the piror setting is settled, passed or otherwise disposed of.

Rule 3.25. Witnesses/Exhibits.

Cases announced to be ready on the date of trial shall in all respects be ready, with witnesses and other evidence available so that the trial may proceed without delay and/or intereference. When out of county witnesses are to be called, the burden shall be on the party using such witnesses to have them available. Insofar as is possible, counsel for the party shall pre-mark for identification all items to be introduced

17

into evidence and further shall notify the Court as to those items upon which counsel can agree may be admitted into evidence without objection.

In any case where a witness does not speak English, the attorney presenting such witness shall make provision for a properly qualified interpreter to be present at the time of such witness's testimony. In criminal cases, if an attorney desires to request a court-appointed interpreter for his client or witness, request therefor shall be made at pre-trial hearing or earlier.

If a witness is not available as required by this rule, and if the absence of such witness does not require a continuance, the Court, in its discretion, may require counsel to present the missing witness out of order, may require use of a deposition in lieu of the witness, may submit the case to the jury without benefit of the witness's testimony or may make any other order which appears just to avoid delay of the trial.

Rule 3.26. Jury Voir Dire/Venire.

It shall be the duty and obligation of an attorney or pro se party calling a witness for any trial or hearing to have furnished to such witness a copy of the witness' instructions attached to these rules as Exhibit 1, and to have explained to the witness the conduct expected while testifying, with particular emphasis on the fact that the Court may impose sanctions for violations of "The Rule."

18

In the counties of this District, jury questionnaire forms are in use. They are taken up immediately following qualification of the panel and are used to prepare a list of qualified jurors. A copy is made available to each counsel or pro se party. Counsel or pro se party is expected not to repeat during voir dire examination those matters set out in the jury questionnaire.

All juries will be selected on the first day of each jury trial week beginning at the time posted. After jury selection, any case may be recessed to a time certain during the trial week or a subsequent week. Where more than one jury is to be selected, counsel in all cases should be present at the entire voir dire in order to refrain from repeating questions already-asked of members of the jury panel on voir dire of a previous **case.**

Rule 3.27. Jury Charges and Motion in Limine.

A jury charge, with special questions and instructions that may be reasonably anticipated and all Motions in Limine should be prepared and 'submitted to the Court at pre.-trial hearing, or at least seven (7) days in advance o trial, whichever is later. The court will rule on the Motions in Limine after the jury panel is qualified and before the voir dire unless already ruled on at pre-trial.

Rule 4.10. Family Law Cases.

(a) In all contested Family Law cases, it shall be the

19

duty of each attorney to confer prior to the day of trial with each other attorney regarding settlement, stipulations, estimated time of trial, waiver of jury, the extent, description, character and value of property in question, amount of support, conservatorship, periods of possession and/or access rights, duties and powers of the conservators, and contested issues.

At any time after a divorce or other Family Law matter shall have been filed, it may be set upon motion of the parties or upon the Court's own motion after the minimum period required by law for such settings. If counsel for either party is requesting a setting for trial, the request shall be in writing and directed to the District Clerk, with a copy to opposing counsel and any pro se parties. Counsel shall consult with client and opposing counsel prior to trial time and not request time at the beginning of trial for consultations.

(b) In all cases requiring a division of property and/or liabilities, the husband and wife shall each file with the Court or upon written mutual agreement exchange between themselves, sworn inventories. Each inventory shall list the value of each item of property and shall list each liability, the number of periodic payments in arrears, if any, the property securing its payments, and the name of the creditor. Any property or liability claimed to be separate shall be so characterized.

20

A-22

(c)  A Financial Information Sheet showing. the income and expenses of each party shall be furnished to the Court and opposing counsel not later than the commencement of hearing or trial in which the payment of support or property rights will be an issue.

(d)  Each attorney shall submit a proposed property division, including property claimed or recognized as separate property, to the Court and opposing counsel.

(e)  The Court may refuse to hear any matter requiring a division of property or adjudication of spousal or child support if .the appropriate information required in sub-paragraphs b, c and d have. not been filed or furnished at least 7 days prior to a trial on the merits and at least 24 hours prior to a hearing on interim or temporary orders.

If conservatorship of children is in dispute between the parties in a Family Law case, the attorneys shall make every effort to avoid a hostile and rancarous parade of witnesses that will increase any bitterness remaining between them.  If such matters can be settled by joint managing conservatorships or conciliatory measures which will be for the best interest of the child, these are to be preferred, unless there are real grounds for the introduction of evidence of serious bodily or mental harm to the children.

With respect to child support, except for extremely unusual circumstances, the same shall be governed by the

21

provisions sections 14.05, 14.051, 14.052, 14.054, 14.055, and 14.057, Texas Family Code, as presently enacted or as hereafter amended, unless the parties agree to other arrangements, approved by the Court.

Possession of the child by the possessory conservator or the non-possessory joint managing conservator shall be governed by Sections 14.032, 14.033, and 14.034 of the Texas Family Code as presently enacted or as hereafter amended. Counsel .and parties are urged to consider all alternatives which may be needed during the minority of the child and the same be addressed in the original divorce decree so as to avoid the necessity for future court amendments and modifications.

Child support payments are to be ordered withheld from the obligor's earnings. The name and address of the obligor's employer must accompany any order for withholding from income · for child support.

At the conclusion of any trial on family law cases, the appropriate BVS ·forms and information on child· (suit affecting parent-child relationship forms) shall be filled out and a decree prepared and presented to the Court forthwith. Where practical a decree should be presented at hearing; if not, the same should be presented within 10 days of final hearing.

With respect to family law cases other than divorce the Rules of Civil Procedure shall be followed as in other civil cases. Nothing shall interfere with the right of a Judge to

22

recess a hearing, including juvenile hearings, at any stage of the proceeding where the parties are agreeable or when in the opinion of the Judge presiding in the case, the best interest of the child and of society shall be served.

Most difficulty in the disposition of family law cases is due to inadequate preparation. These rules comtemplate extensive communication and preparation by counsel and the client. A case inadequately prepared will not be in compliance with these rules. If it becomes apparent at any hearing that either party or his or her attorney have been willful or grossly negligent in properly failing to prepare for such hearing then the Court may suspend the hearing, and impose sanctions against the offending party or his or her attorney by awarding reasonable attorney fees to the non-offending party. In assessing such attorney fees, the Court may hear additional evidence as to whether the fault for the lack of preparation lies with the client or the attorney, and if with the latter, the Court may assess such attorney fees against the attorney personally.

Rule 5.10. Liquidated Monetary Claims.

A monetary claim represented by an instrument in writing or on open account supported by documentary evidence shall be presented without necessity of hearing, provided that affidavits with respect to attorney fees or other supporting documents are presented to the Court at the time of request for

23

A-25

judgment. Such requests may be made accompanied by appropriate judgment for the amount in controversy, pre-judgment interest, attorney fees, post-judgment interest and costs.

Rule 6.10.   Felony Cases.

FEE SCHEDULE FOR COURT-APPOINTED ATTORNEY

a)  Trial Services:

i.   A court-appointed attorney will be compensated on a "Fixed Fee Basis" as hereinafter set forth unless said attorney submits an itemized, documented and verified claim for payment on the "Rate Basis" before the conclusion of the final hearing on the case.

ii.  A court-appointed attorney representing a defendant in multiple cases who is compensated on a "Fixed Fee Basis" will be paid 100% of the fixed fee for the primary case and an amount determined by the judge not to exceed 2 % of the fixed fee for each additional case.

iii. When a dismissal occurs prior to a trial docket appearance, the court-appointed attorney will be paid only on the rate basis.

iv.  When a defendant's charge is enhanced, counsel will be paid at the level to which the punishment in the case is raised.

b)  Fixed Fee Basis:

| Type of Case | TRIAL | MTRP/MTAG |
|---|---|---|
| 1st Degree Felony (Guilty Plea/Plea of True) | 175.00 | 125.00 |
| Other Felony (Guilty Plea/Plea of True) | 1 0.00 | 100.00 |
| 1st Degree Felony (Trial). | 400.00 | 175.00 |
| Other Felony (Trial) | 300.00 | 1 0.00 |

24

Captial First Chair        3,000.00        ------

Capital Second Chair      1,000.00        ------

c) Rate Basis:

i. "In-Court Time" means time actually spent in the Courtroom.

ii. "Out-of-Court Time" means reasonable and necessary time for conferences, negotiations and trial preparation.

iii. Normally, only the minimum hourly rate will be approved except in extraordinary circumstances.

iv. <u>Hourly Rates for In-Court Time:</u>

| Type of Case | RATE/HR. MIN-MAX | MAX/DAY |
|---|---|---|
| 1st Degree Felony | 30 - 40 | 150.00 |
| Other Felony | 30 - 40 | 150.00 |
| Captial First Chair | 30 - 40 | 300.00 |
| Captial Second Chair | 30 - 40 | 300.00 |

v. <u>Hourly Rates for Out-of-Court Time:</u>

| Type of Case | ·RATE/HR. MIN-MAX | TOTAL HOURS |
|---|---|---|
| 1st Degree Felony | 20 - 30 | 25 |
| Other Felony | 20 - 30 | 20 |
| Capital First Chair. | 30 - 40 | 60 |
| Capital Second Chair | 20 - 30 | 60 |

d) Appellate Services:
i. Appeals will be paid only on a fixed fee basis as follows:

25

A-27

| Type of case | Brief | Argument | Total |
|---|---|---|---|
| Death sentence | 1,000 | 500 | 1,500 |
| Felony | 800 | 200 | 1,000 |

ii.  Petitions for Discretionary Review and Replies thereto will be paid on a fixed fee basis as follows:

Filing      150

Argument    300

e)  Habeas Corpus matters will be paid at one-half of the above-mentioned rates.

Rule 7.10.  Jury Management.

All of the trial Judges in each county of the district shall adopt a jury plan governing the selection, management, assignment and time of jury service, whether out of the jury wheel or by computer.

When jury panels are selected and notice of the time to report for hearing is mailed to them at the same time a juror information form shall be forwarded to them, such jury information form shall be of uniform design and shall be adopted and used to obtain basic information about the background of jurors on the general venire.  Each juror shall be instructed to return the form to Court and have the same used by the attorneys in selection.

During all weeks in which criminal cases are set, juries will be summoned at such dates and time as ordered by the

26 .

presiding Judge, and will be subject to assignment during the week called.

Rule 8.10.   Judicial Vacation.

Judicial vacations and educational events will be scheduled in advance, insofar as is possible, by each judge with the concurrence of the Local Administrative Judge, and notice thereof given to the District Clerk of the counties where the judge is scheduled to sit, along with the names of the judges, if any, who will be substituting for the absent judge.

Rule 9.10.   Non-Judicial Personnel.

The Local Administrative Judge of the county shall be responsible for all administrative matters peculiar to the Courts (as distinguished from judicial matters) . He may assign or delegate any administrative task to the other judges who shall be responsible for the prompt completion of the task. The Local Administrative Judge shall periodically review case flow procedures and other administrative matters and recommend necessary changes to the Judges of the District Courts and County Judges.

Each Judge of a court shall control the employees of that court, and those assigned to attend to the functions of that court. The qualifications for court employees shall be those required by statute, by approved job description, or in official joint court order. Each Judge shall be responsible

27

for requiring quality performance by those non-judicial personnel employed by such Judge. While those non-judicial personnel hired by each Judge are primarily responsible to such Judge, it is understood all such employees are to cooperate with the other Judges and non-judicial personnel to the end that all court proceedings are conducted in an efficient, fair and courteous manner with due regard for the time, comfort and sensitivities of the parties, their counsel, witnesses, jurors and potential jurors. They likewise shall be expected to assume additional duties during periods of vacation, illness and personal emergencies of other non-judicial personnel. Any failure of a non-judicial employee to meet the expected standard required of this rule as observed by another Judge or fellow employee shall be reported to the responsible Judge, and that Judge shall take such corrective measure as deemed appropriate by that Judge. If the failure of proper performance reoccurs or continues, the matter shall be referred to the Local Administrative Judge. Non-judicial personnel shall observe the standards of decorum and conduct required of Judges by the Code of Judicial Conduct.

Rule 10.10. Attorneys -Attorney Vacations.

In civil cases not specially set, an attorney may not be put to trial for a period not to exceed four (4) consecutive weeks of a given year if he has in writing filed with the appropriate Clerk of the County of his residence, with a copy

28

to the appropriate Clerk in the other counties where he has pending cases, at least sixty (60) days in advance, notice of his vacation period. At his discretion a Judge may recognize another time for the designated vacation period.

Rule 10.11. Appearance of Counsel, etc.

Each party shall designate upon filing of each case and each party at the time of answering or appearing therein shall designate one attorney as Lead Counsel for each such party. Lead Counsel shall be responsible for all Docket Calls, all other proceedings and the trial of the case. When a litigant is represented by a firm of lawyers or more than one lawyer, one counsel must be designated on the pleadings and on the requests for settings and all other documents filed as Leading Counsel or, Counsel in Charge. Should Counsel fail or refuse to indicate who such counsel is on the pleadings, then it shall not be grounds ·for continuance or the passing of the case that such Counsel is sick or out of the city or otherwise engaged. By "Leading Counsel" or "Counsel in Charge" is meant the counsel who is expected to take the lead for that litigant in the trial of the case.

If the same attorney is called to trial simultaneously in different Courts, then the case on which the earlier setting was made shall take preference over the case having the later setting, except at the discretion of the court. All applications for continuance or postponement of trial or

29

A-31

pre-trial hearing because counsel has another setting in a different court must show the date the setting was made in the other court.

The fact that such Lead Counsel or Counsel is engaged in matters pertaining to any other case shall be grounds for no more than one motion for continuance.

In criminal cases all defendants and their attorneys must be personally present in court during arraignment or pre-trial hearings. Attorneys are required to notify the office of the Judge and of the Clerk that they are employed in the case in writing. If such retainer notice is not·given to the Clerk prior to the dates of hearing, pre-trial hearing, arraignment or trial, the Court may make an appointment from among the attorneys available to the Court for appointment and the client may be required to pay for such services and substitution of retained counsel who failed to notify the Court of retention may only be permitted by leave of the Court.

Rule 10.12. Attorney Withdrawal.

In civil cases, withdrawal for an attorney may be affected only as provided in Rule 10 of the Texas Rules of Civil Procedure. If known, the withdrawing attorney shall furnish to the Clerk the current mailing address of the client where there is no immediate substitution of counsel.

In criminal cases, an attorney who has entered an appearance and became counsel of record by being retained by

30

the defendant or his family, by signing a bail bond, or by appointment of the Court, may not withdraw as counsel of record except upon leave of Court after a motion in writing and, if required by the Court, a hearing thereon.

If leave is granted, the Clerk shall notify the party of such action and advise the party of any trial settings and that he may secure other counsel.

Rule 10.13. Conduct/Decorum of Counsel.

Each day the Court is engaged in hearing a matter, the Court shall be opened by the Bailiff or Clerk directing all Court officials and spectators to their seats.

All officers of the Court, except the Judge and jurors, and all other participants, except witnesses who have been placed under the Rule, shall promptly enter the courtroom before the scheduled time for each Court session. When the Bailiff or Clerk calls the Court to order the following order shall be observed.

In the courtroom there shall be:

(a) No tobacco used;

(b) No chewing gum used by a witness or by any attorney while interrogating a witness or addressing the Judge or jury;

(c) No reading of newspapers;

(d) No bottles, cups, or beverage containers except water pitchers and cups or as otherwise permitted by

31

the Judge;

(e) No edibles;

(f) No propping of feet on tables or chairs;

(g) No noise or talking which interferes with the court procedure;

(h) No riffling through papers or exhibits in such a manner as may distract the jury, the Judge, or the witness.

The Judge, the attorneys, and other officers of the Court will refer to and address other court officers, witnesses, the jury and other participants in the proceedings respectfully and impersonally, by using appropriate titles and surnames rather than first names.

The oath will be administered in a manner calculated to impress the witness with the importance and solemnity of the promise to adhere to the truth.

All officers of the Court shall dress appropriately for court sessions.

Attorneys should observe the letter and spirit of the Texas Lawyers' Creed and the Texas Disciplinary Rules of Professional Conduct, as adopted by the supreme Court of Texas, specifically including those dealing with discussion of cases with representatives of the media and those concerning improper ex parte communications with the Judge. (A copy of the Lawyers' Creed is attached as Exhibit 2.)

32

Attorneys should advise their clients and witnesses of this rule and advise them that they are expected to abide by the rule the same as the Judge, the attorney, and court personnel.

All objections, arguments, and other comments by counsel shall be directed to the Judge and not to opposing counsel. The jury shall be directly addressed by counsel only in opening statements and formal summations.

While another attorney is addressing the Judge or jury, an attorney should not stand for any purpose except to claim the right to interrupt the attorney who is speaking.

Attorneys should not approach the bench without leave of the Court and must never lean on the bench.

Attorneys shall remain seated at the counsel tables at all times except:

(a)  when the Judge enters and leaves;

(b)  when addressing the Judge or jury; and,

(c)  whenever it may be proper to handle documents, exhibits, or other evidence. (Leave of Court is not required.)

Attorneys should anticipate any need to move furniture, T.V. monitors, appliances or easels and should make advance arrangements with the Bailiff, Tables should not be moved during court sessions.

In addressing the jury, attorneys should use the lectern

or remain at or near the jury box, and not move about the courtroom or sit in the witness chair.

Formal Opening of court. Immediately before the scheduled time for the beginning of court sessions, the Bailiff shall direct all court officers and spectators to their seats and shall bring order. As the Judge enters the courtroom, the Bailiff shall state, "Everyone please rise."[11] While everyone is still standing he shall make an appropriate announcement such as, "The_____Court is now in session, the Honorable —————————' Judge Presiding." If the Judge does not seat the persons assembled, the Bailiff will then say, "Be seated please."

## Rule 11. Local Administration.

Election of the Local Administrative District Judge:

(a) Subject to Section 74.091 of the Texas Government Code, a majority of the District Judges of the County will prescribe the term of office of the Local Administrative District Judge.

The local Administrative District Judge will have duties and the responsibility for attending to emergency and special matters of the District Courts pursuant to Rules of Judicial Administration.

(b) MENTAL HEALTH/DRUG/ALCOHOLIC COMMITMENT AND PRISONERS WITHOUT CHARGES.

Subject to modification and without waiving their

34

respective jurisdiction, the Judges shall assume responsibility in emergency and special matters pursuant to Rule 10d of the Rules of Judicial Administration.

Rule 12.11. · Powers and Duties of Local Administrative District Judge.

The Local Administrative District Judge shall see that each court has the assistance of any other Judges who may be available for assignment and that the conduct of business is efficiently and fairly distributed to each person having jurisdiction.

The Local Administrative District Judge shall call meetings of the District Judges of the districts at regular intervals as needed, at a time when all Judges can be available. The Local Administrative District Judge of a county shall preside over such meetings. If the duly elected Local Administrative Judge be disabled, absent for more than two weeks, or in the event of a compelling emergency, the remaining District Judges of the District may name a temporary Administrative Judge to serve only until the returning of the duly elected Administrative District Judge.

The Judges of the District Courts may meet with the County Courts or any other persons responsible for the efficient administration of justice and make rules and orders relative to

(a) Docket management of the local courts;

35

(b)  Regular meetings to address the matters set forth in the above rules;

(c)  Judicial budget matters;

(d)  Adult and juvenile probation matters;

(e)  County Auditor matters;

(f)  County purchaising matters;

(g)  Meeting and relationships with other governmental bodies, the public, and the news media;

(h)  Such other matters necessary to provide for the orderly, prompt, efficent, and effective administration of justice in the county;

(i)  Court reporters and timely preparation of records; and

(j)  Dismissals for want of prosecution pursuant to the law applicable thereto.

Court Business, Inherent Powers and Authority. Pursuant to the Supreme court Rules of Judicial Administration and Rule 3a of the Texas Rules of Civil Procedure the Judges will, as necessary, from time to time make rules pursuant to Rule 9b, Supreme Court Rules of Judicial Administration.

Rule 13.00.  Miscellaneous Local Rules.

Rule 13.10.  Attorneys Ad Litem.

Any Judge may appoint Attorneys Ad Litem upon request by a party or on the Court's own motion.  The request may not be made by any person interested in being appointed.  Unless there

is a showing of good cause, such appointments must be made at least one (1) day before the Court takes any action on the merits of the case.

Rule 13.10.

Except for good cause shown, all orders and judgments must be submitted to the Court for entry within seven (7) days from the date of the hearing or decision by the Court. All judgments and/or orders in uncontested matters (excluding cases which are settled on the day of trial) must be presented at the time of hearing on such uncontested matters.

All final judgments which are not approved by all counsel or opposing parties who appeared before the Court shall be fo Narded to the Court, a copy shall be mailed to all opposing counsel or unrepresented parties by·the party preparing the judgment; said judgment shall be held in the Judge's chambers for five (5) to ten (10) days, and if no objection to the Judgment is filed, it will then be signed by the Court without a hearing on entry of judgment. Any objections to the judgment must include a form of order setting a hearing on the objection.

Photography or Recording in the Courtroom.

The use in the courtroom of cameras, tape recorders or recording devices of any kind, except by the court Reporter, will not be permitted.

37

## CONCLUSION

Nothing herein provided shall be construed to modify or supersede any provision of the Texas Rules of Civil Procedure, the Texas Code of Criminal Procedure, the Rules of the State Bar of Texas, or any statute of Texas, nor do the foregoing rules apply to the manner of obtaining extraordinary relief that may not be practicably handled in accordance with these rules.

SIGNED AND ORDERED PROMULGATED ON THIS THE _11th_ day of _JUNE_ A.D., 1990.

Judge, 24th District Court

Judge, 135th District Court

Judge, 267th District Court

Judge, 377th District Court

38

CAUSE NO. _____

_____          IN THE DISTRICT COURT

VS,                                      _____ JUDICIAL DISTRICT

_____          VICTORIA COUNTY, TEXAS

### PRE-TRIAL ORDER IN CASE SUBJECT TO DISMISSAL.

This case is set for trial on the merits on _____ at 9:00 a.m. and will

not be continued from that trial setting except by written order of the Court.

All new parties shall be joined by _____.

All amended pleadings shall be filed by _____.

All depositions shall be completed by _____.

All other discovery shall be completed by _____.

All responses or supplemental responses to discovery shall be completed by _____.

Signed this the _____ day of _____, 1998.

                                         _____
                                         Judge Presiding

_____          _____
Attorney for                             Attorney for

Exhibit 'C'

# WITNESS INSTRUCTIONS

(1) Seat yourself comfortably and adjust the position of the chair where your voice will be amplified by the public address system.

(2) Make a verbal response to questions, rather than nodding or shaking your head.

(3) Do not use "uh-huh" or "huh-uh" as answers. In written form, it is difficult to tell a negative response from a positive response.

(4) When an attorney stands up, it is for the purpose of addressing the Court, therefore, please do not speak until after the Court has ruled on the objection. If an objection is sustained, please wait until a new question is posed. If the objection is overruled, you may answer the question which was asked before the objection.

(5) Answer the questions which are asked and do not volunteer information which is not responsive to the question you are answering. If the attorney wants additional information, other questions will be asked.

(6) Wait until the attorney completes the question before you begin answering. The Court Reporter cannot take down two voices at once.

(7) If the rule has been invoked in this case, you are instructed that you must remain outside the courtroom except when you are testifying. You are not to converse with the other witnesses or any other person about the case, other than the attorneys in the case, except by permission of the Court, and you are not to read any report or comment upon the testimony in the case until the case has been concluded.

EXHIBIT 1

A-42

## ORDER OF
## THE SUPREME COURT OF TEXAS
## AND
## THE COURT OF CRIMINAL APPEALS

The conduct of a lawyer should be characterized at all times by honesty, candor, and fairness. In fulfilling his or her primary duty to a client, a lawyer must be ever mindful of the profession's broader duty to the legal system.

The Supreme Court of Texas and the Court of Criminal Appeals are committed to eliminating a practice in our State by a minority of lawyers of abusive tactics which have surfaced in many parts of our country. We believe such tactics are a disservice to our citizens, harmful to clients, and demeaning to our profession.

The abusive tactics range from lack of civility to outright hostility and obstructionism. Such behavior does not serve justice but tends to delay and often deny justice. The lawyers who use abusive tactics, instead of being part of the solution, have become part of the problem.

The desire for respect and confidence by lawyers from the public should provide the members of our profession with the necessary incentive to attain the highest degree of ethical and professional conduct. These rules are primarily aspirational. Compliance with the rules depends primarily upon understanding and voluntary compliance, secondarily upon reinforcement by peer pressure and public opinion, and finally when necessary by enforcement by the courts through their inherent powers and rules already in existence.

These standards are not a set of rules that lawyers can use and abuse to incite ancillary litigation or arguments over whether or not they have been observed.

We must always be mindful that the practice of law is a profession. As members of a learned art we pursue a common calling in the spirit of public service. We have a proud tradition. Throughout the history of our nation, the members of our citizenry have looked to the ranks of our profession for leadership and guidance. Let us now as a profession each rededicate ourselves to practice law so we can restore public confidence in our profession, faithfully serve our clients, and fulfill our responsibility to the legal system.

The Supreme Court of Texas and the Court of Criminal Appeals hereby promulgate and adopt "The Texas Lawyer's Creed — A Mandate for Professionalism" as attached hereto and made a part hereof.

*In Chambers, this 7th day of November, 1989.*

The Supreme Court of Texas

Thomas R. Phillips, Chief Justice

Franklin S. Spears, Justice

C. L. Ray, Justice

Raul A. Gonzalez, Justice

Oscar H. Mauzy, Justice

Eugene A. Cook, Justice

Jack Hightower, Justice

Nathan L. Hecht, Justice

Lloyd A. Doggett, Justice

The Court of Criminal Appeals



Michael J. McCormick, Presiding Judge

W. C. Davis, Judge

Sam Houston Clinton, Judge

Marvin O. Teague, Judge

Chuck Miller, Judge

Charles F. (Chuck) Campbell, Judge

Bill White, Judge

M. P. Duncan, III, Judge

David A. Berchelmann, Jr., Judge

# THE TEXAS LAWYER'S CREED— A MANDATE FOR PROFESSIONALISM

*PROMULGATED BY*
THE SUPREME COURT OF TEXAS
AND
THE COURT OF CRIMINAL APPEALS

PRINTED AND DISTRIBUTED
COURTESY OF
TEXAS BAR FOUNDATION
AND
TEXAS CENTER FOR LEGAL ETHICS
AND PROFESSIONALISM



# THE SUPREME COURT OF TEXAS AND THE COURT OF CRIMINAL APPEALS

## THE TEXAS LAWYER'S CREED – A MANDATE FOR PROFESSIONALISM

I am a lawyer; I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that Professionalism requires more than merely avoiding the violation of laws and rules. I am committed to this Creed for no other reason than it is right.

## I. OUR LEGAL SYSTEM

A lawyer owes to the administration of justice personal dignity, integrity, and independence. A lawyer should always adhere to the highest principles of professionalism.

1. I am passionately proud of my profession. Therefore, "My word is my bond."

2. I am responsible to assure that all persons have access to competent representation regardless of wealth or position in life.

3. I commit myself to an adequate and effective pro bono program.

4. I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed.

5. I will always be conscious of my duty to the judicial system.

## II. LAWYER TO CLIENT

A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims, and objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest.

1. I will advise my client of the contents of this Creed when undertaking representation.

2. I will endeavor to achieve my client's lawful objectives in legal transactions and in litigation as quickly and economically as possible.

3. I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and independent advice.

4. I will advise my client that civility and courtesy are expected and are not a sign of weakness.

5. I will advise my client of proper and expected behavior.

6. I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive conduct.

7. I will advise my client that we will not pursue conduct which is intended primarily to harass or drain the financial resources of the opposing party.

8. I will advise my client that we will not pursue tactics which are intended primarily for delay.

9. I will advise my client that we will not pursue any course of action which is without merit.

10. I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel.

11. I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

## III. LAWYER TO LAWYER

A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct.

1. I will be courteous, civil, and prompt in oral and written communications.

2. I will not quarrel over matters of form or style, but I will concentrate on matters of substance.

3. I will identify for other counsel or parties all changes I have made in documents submitted for review.

4. I will attempt to prepare documents which correctly reflect the agreement of the parties. I will not include provisions which have not been agreed upon or omit provisions which are necessary to reflect the agreement of the parties.

5. I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or closings are cancelled.

6. I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be adversely affected.

7. I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond.

8. I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses.

9. I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage nor knowingly permit my client or anyone under my control to do anything which would be unethical or improper if done by me.

10. I will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor bring the profession into disrepute by unfounded accusations of impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses. I will not be influenced by any ill feeling between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel.

11. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed.

12. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the court. I will promptly approve the form of orders which accurately reflect the substance of the rulings of the Court.

13. I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence.

14. I will not arbitrarily schedule a deposition, Court appearance, or hearing until a good faith effort has been made to schedule it by agreement.

15. I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party.

16. I will refrain from excessive and abusive discovery.

17. I will comply with all reasonable discovery requests. I will not resist discovery requests which are not objectionable. I will not make objections nor give instructions to a witness for the purpose of delaying or obstructing the discovery process. I will encourage witnesses to respond to all deposition questions which are reasonably understandable. I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear.

18. I will not seek Court intervention to obtain discovery which is clearly improper and not discoverable.

19. I will not seek sanctions or disqualification unless it is necessary for protection of my client's lawful objectives or is fully justified by the circumstances.

## IV. LAWYER AND JUDGE

Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack. Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession.

1. I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice. I will refrain from conduct that degrades this symbol.

2. I will conduct myself in court in a professional manner and demonstrate my respect for the Court and the law.

3. I will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility.

4. I will be punctual.

5. I will not engage in any conduct which offends the dignity and decorum of proceedings.

6. I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage.

7. I will respect the rulings of the Court.

8. I will give the issues in controversy deliberate, impartial and studied analysis and consideration.

9. I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes.

A-44